THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |
| Plaintiff, | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| vs. | [CITED] |
| TROY X. KELLEY, | |
| Defendant. | |

Defendant Troy X. Kelley respectfully submits Defendant's Proposed Jury Instructions.

DATED this 7th day of March, 2016.

CALFO HARRIGAN LEYH & EAKES LLP

By    s/Angelo J. Calfo
         Angelo J. Calfo, WSBA #27079
         Patricia A. Eakes, WSBA No. 18888
         Emily Dodds Powell, WSBA #49351
         Andrew R.W. Hughes, WSBA #49515

         999 Third Avenue, Suite 4400
         Seattle, WA 98104
         Telephone: (206) 623-1700
         Email: angeloc@calfoharrigan.com
                    peakes@calfoharrigan.com
                    emilyp@calfoharrigan.com
                    andrewh@calfoharrigan.com

*Attorneys for Defendant Troy X. Kelley*

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on March 7, 2016, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5        Andrew C. Friedman        andrew.friedman@usdoj.gov

6        Arlen R. Storm        arlen.storm@usdoj.gov

7        Katheryn Kim Frierson        katheryn.k.frierson@usdoj.gov

8        Richard E. Cohen        richard.e.cohen@usdoj.gov

9

10                *s/Susie Clifford*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

<u>Source</u>: Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.1.

DEFENDANT'S PROPOSED JURY
INSTRUCTIONS [CITED] - 3

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE—PRESUMPTION OF**

**INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence, but I want to explain to you the alleged crimes the government will seek to prove in this case. The indictment alleges that Mr. Kelley possessed stolen property, made false declarations before a court, engaged in money laundering, filed false tax returns, obstructed the IRS, and made a false statement to IRS agents. The charges arise out of Mr. Kelley's business of providing reconveyance services in connection with the closing of residential real estate transactions, his deposition given during a contract dispute over rights to money he received, and his handling of the money he received in that business on his tax returns and his dealings with the Internal Revenue Service.

Mr. Kelley has pleaded not guilty to and denies the government's charges. Mr. Kelley is presumed to be innocent unless and until the government proves that he is guilty beyond a reasonable doubt. In addition, Mr. Kelley does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges against Mr. Kelley beyond a reasonable doubt.

<u>Source</u>: Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.2.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

2

**REASONABLE DOUBT—DEFINED**

3      Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Kelley

4   is guilty.  It is not required that the government prove guilt beyond all possible doubt.

5      A reasonable doubt is a doubt based upon reason and common sense and is not based

6   purely on speculation.  It may arise from a careful and impartial consideration of all the

7   evidence, or from lack of evidence.

8      If after a careful and impartial consideration of all the evidence, you are not convinced

9   beyond a reasonable doubt that Mr. Kelley is guilty, it is your duty to find Mr. Kelley not

10  guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you

11  are convinced beyond a reasonable doubt that Mr. Kelley is guilty, it is your duty to find Mr.

12  Kelley guilty.

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>Source</u>:  Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.5.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Source:  Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5**

2

**WHAT IS NOT EVIDENCE**

3        In reaching your verdict you may consider only the testimony and exhibits received in

4   evidence.

5        The following things are not evidence and you may not consider them in deciding what

6   the facts are:

7        1.        Questions, statements, objections, and arguments by the lawyers are not

8                   evidence. The lawyers are not witnesses.  Although you must consider a

9                   lawyer's questions to understand the answers of a witness, the lawyer's

10                  questions are not evidence.  Similarly, what the lawyers have said in their

11                  opening statements and will say in their closing arguments and at other times is

12                  intended to help you interpret the evidence, but it is not evidence.  If the facts as

13                  you remember them differ from the way the lawyers state them, your memory

14                  of them controls.

15       2.        Any testimony that I have excluded, stricken, or instructed you to disregard is

16                  not evidence.  [In addition, some evidence was received only for a limited

17                  purpose; when I have instructed you to consider certain evidence in a limited

18                  way, you must do so.]

19       3.        Anything you may have seen or heard when the court was not in session is not

20                  evidence.  You are to decide the case solely on the evidence received at the trial.

21

22

23

24

25   <u>Source</u>:  Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.7.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    **DEFENDANT'S PROPOSED INSTRUCTION NO. 6**

2    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

4    as testimony by a witness about what that witness personally saw or heard or did.

5    Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which

6    you can find another fact.

7        You are to consider both direct and circumstantial evidence.  Either can be used to

8    prove any fact.  The law makes no distinction between the weight to be given to either direct or

9    circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   <u>Source:</u>  Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.8.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.9.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether Mr. Kelley is guilty or not guilty of the charges in the indictment. Mr. Kelley is not on trial for any conduct or offense not charged in the indictment.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.10.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 9**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS**

A separate crime is charged against Mr. Kelley in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count except as explicitly stated in any instruction.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 3.11(modified).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

2

**TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—**

3

**BENEFITS, PLEA**

4       You have heard testimony from Jason Jerue, a witness who received immunity from the

5   government.  That testimony was given in exchange for a promise by the government that the

6   Mr. Jerue will not be prosecuted.

7       For this reason, in evaluating the testimony of Mr. Jerue, you should consider the extent

8   to which or whether his testimony may have been influenced by this factor.  In addition, you

9   should examine the testimony of Mr. Jerue with greater caution than that of other witnesses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Source:  Ninth Circuit, Manual of Model Criminal Jury Instructions § 4.9.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of their education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Source:</u>  Ninth Circuit, Manual of Model Criminal Jury Instructions § 4.14.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**DEFENDANT'S PROPOSED INSTRUCTION NO. 12**

2

**SUMMARIES NOT RECEIVED IN EVIDENCE**

3       During the trial, certain charts and summaries were shown to you in order to help

4   explain the evidence in the case.  These charts and summaries were not admitted in evidence

5   and will not go into the jury room with you.  They are not themselves evidence or proof of any

6   facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case,

7   you should disregard these charts and summaries and determine the facts from the underlying

8   evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   <u>Source:</u>  Ninth Circuit, Manual of Model Criminal Jury Instructions § 4.15.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and Summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

<u>Source:</u>  Ninth Circuit, Manual of Model Criminal Jury Instructions § 4.16.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14**

**POSSESSION AND CONCEALMENT OF STOLEN PROPERTY**

Mr. Kelley is charged in Count 1 of the Superseding Indictment with possessing or concealing stolen money in violation of Section 2315 of Title 18 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between about June 2008 and January 2012, Mr. Kelley possessed or concealed stolen money that had crossed a state boundary after having been stolen;

Second, at the time Mr. Kelley possessed or concealed the money he knew that the money had been stolen;

Third, Mr. Kelley acted with the intent to deprive the owner of the money of the rights of ownership; and

Fourth, the stolen money was of a value of $5,000 or more.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.190 (modified); *United States v. Turley*, 352 U.S. 407, 417 (1957) (defining "stolen" under an analogous federal statute); *United States v. Carman*, 577 F.2d 556, 565 (9th Cir. 1978) (applying *Turley* to National Stolen Property Act; discussing requirement that property must be taken "from one having the attributes of an owner"); *United States v. Long Cove Seafood, Inc.*, 582 F.2d 159 (2d Cir. 1978) (same).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15**

**DEFINITION OF STOLEN PROPERTY**

To convict Mr. Kelley of Count 1 charging possession and concealment of stolen property, the government must prove beyond a reasonable doubt that the reconveyance fees paid to Mr. Kelley were stolen. To be "stolen money," it must have been wrongfully taken from an owner. Money cannot be stolen from a person or company that does not have ownership rights in it. To own money or property, a person or business must have the exclusive right to use, transfer, trade, or otherwise dispose of the property.

To convict Mr. Kelley of Count 1, you must each agree who owned the money Mr. Kelley allegedly stole.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.190 (modified). *United States v. Turley*, 352 U.S. 407, 417 (1957) (defining "stolen" under an analogous federal statute); *United States v. Carman*, 577 F.2d 556, 565 (9th Cir. 1978) (applying *Turley* to National Stolen Property Act; discussing requirement that property must be taken "from one having the attributes of an owner"); *United States v. Long Cove Seafood, Inc.*, 582 F.2d 159 (2d Cir. 1978) (same); *United States v. Bennett*, 665 F.2d 16, 21-22 (2d Cir. 1981) ("Because the concept of stolen property requires an interference with the property rights of its owner, property that has been transported…with the consent of the owner cannot be considered "stolen[.]")

*Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 673 (1999) ("The hallmark of a protected property interest is the right to exclude others."); *Int'l News Serv. v. Associated Press*, 248 U.S. 215, 250 (1918) (Brandeis, J., concurring) ("An essential element of individual property is the legal right to exclude others from enjoying it."); *United States v. Mancuso*, 42 F.3d 836, 845 (4th Cir. 1994) (defining a property right as "a right that could be assigned, traded, bought, and otherwise disposed of") *U.S. v. Alkaabi*, 223 F.Supp.2d 583, 590 (D. N.J. 2002) (discussing, in the context of the mail fraud statute, "the hallmarks of traditional property—exclusivity and transferability").

*United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986) ("In a mail or wire fraud prosecution, jurors must be instructed that they must agree on the existence of a single scheme to defraud."); *Schad v. Arizona*, 501 U.S. 624, 651 (1991) (Scalia, J., concurring) ("We would not permit . . . an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday, despite the 'moral equivalence' of those two acts.").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16**

**STOLEN PROPERTY—ONLY DEPRIVATION OF PROPERTY PROTECTED**

The crime of possession and concealment of stolen property does not extend to all commercial practices that may be viewed as dishonest or unethical; rather, it is aimed at protecting the intended deprivation of ownership rights.

Consequently, holding or transferring assets to make them more difficult for a creditor or potential creditor to find them is not possession or concealment of stolen property. A creditor, such as a person who believes he or she has a contractual right to payment or is owed money, is not an owner of such money.

*United States v. Carman*, 577 F.2d 556, 565 (9th Cir. 1978) (agreeing that "money placed out of the reach of creditors is not the equivalent of money 'stolen, converted or taken by fraud' within the meaning of the [NSPA]" and noting that the NSPA does not "embrace every fraudulent scheme which, however remotely, diminishes another's wealth").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**

**FALSE DECLARATION**

Mr. Kelley is charged in Counts 3, 4, and 5 of the Superseding Indictment with having made a false declaration in violation of Section 1623 of Title 18 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley testified under oath before a court or in a proceeding ancillary to a court;

Second, the testimony was false, with all of you agreeing as to which statement was false;

Third, Mr. Kelley knew that the testimony was false; and

Fourth, the false testimony was material to the matters before the court; that is, it had a natural tendency to influence, or was capable of influencing, the court.

The government must present evidence from an earlier proceeding to prove that the statements were material to matters before the court.

<u>Source:</u> Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.137 (modified), and comments thereto.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 18**

**FALSE STATEMENTS—CONSIDERATION OF LITERALLY TRUE ANSWERS**

In order to find Mr. Kelley guilty of making false statements, you must find beyond a reasonable doubt that the defendant understood the question as his questioner did and that, so understood, the defendant's answer was false.

There is no false statement made under this statute if the witness implies any material matter that he does not believe to be true. You should not guess or engage in conjecture as to whether an unresponsive answer, true and complete on its face, was intended to mislead or divert the examiner.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.137 (commentary relating to literally true statements); *Bronston v. United States,* 409 U.S. 352 (1973); *United States v. Crowley*, 720 F.2d 1037 (9th Cir. 1983).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**

**LAUNDERING MONETARY INSTRUMENTS**

Mr. Kelley is charged in Counts 6-10 of the Superseding Indictment with laundering money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley conducted a financial transaction involving property that represented the proceeds of wire fraud;

Second, Mr. Kelley knew that the property represented the proceeds of wire fraud; and

Third, Mr. Kelley knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and/or control of the proceeds of wire fraud.

Intent to conceal requires something more than the mere transfer of unlawfully obtained funds. The government must prove that the charged transactions had the central purpose, not merely the effect, of making it more difficult for the government to trace and demonstrate the nature of the funds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affect interstate or foreign commerce in any way or the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.147 (modified); *United States v. Wilkes*, 662 F.3d 524, 547 (9th Cir.2011) (discussing intent requirement); *United States v. Adefehinti*, 510 F.3d 319, 322–24 (D.C. Cir. 2007) (same); *United States v. Valdez*, 726 F.3d 684, 690 (5th Cir. 2013) (same).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 20**

**WIRE FRAUD—ELEMENTS OF PROOF**

In order for you to find that Mr. Kelley committed money laundering to conceal the proceeds of wire fraud, you must find that Mr. Kelley committed wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for you to make that finding, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley knowingly devised a scheme or plan to obtain money or property owned by Old Republic Title and Fidelity National Title Company of Washington by means of false or fraudulent pretenses, representations or promises made to Old Republic Title and Fidelity National Title Company of Washington;

Second, Mr. Kelley knew that the promises or statements were false or fraudulent;

Third, the promises and statements made were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Fourth, Mr. Kelley acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fifth, on April 15, 2010, or thereafter, Mr. Kelley used, or caused to be used, the wires in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

To prove wire fraud, the government must prove that the person deceived was the same as the person from whom Mr. Kelley intended to obtain money or property.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to Mr. Kelley that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  to Mr. Kelley that some wire communication would occur in furtherance of the scheme, and an

2  interstate wire communication must have actually occurred in furtherance of the scheme.

Source:  Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.124 (modified); *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) (discussing convergence requirement); *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) ("[The] words 'to defraud' . . . refer . . . to wronging one in his property rights by dishonest methods or schemes."); *Cleveland v. United States*, 531 U.S. 12, 15 (2000) (discussing requirement that alleged victim have an ownership interest in the property targeted by the fraud); *McNally v. United States*, 483 U.S. 350, 359 (1987) (same); *United States v. Adler*, 186 F.3d 574 (4th Cir. 1999) (same).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

## WIRE FRAUD—NONDISCLOSURE

To prove that Mr. Kelley committed wire fraud, the government must prove beyond a reasonable doubt that Mr. Kelley made material false statements, promises or representations as a part of the scheme directed to the person or company from whom Mr. Kelley sought to obtain the money.

The government's proof may include allegations that Mr. Kelley made an affirmative false statement of fact, or that a statement that Mr. Kelley affirmatively made was untrue because it omitted information necessary to make the statement truthful. However, in a commercial negotiation or transactions, there is no general duty to disclose information to the person with whom you are negotiating. The government cannot show false statements, promises, or representations by showing that Mr. Kelley did not disclose information simply because title companies would have wanted to know it during negotiations.

Source: *Chiarella v. United States*, 445 U.S. 222, 228 (1980) ("[O]ne who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so."); *United States v. Dowling*, 739 F.2d 1445, 1449 (9th Cir. 1984) *rev'd on other grounds*, 473 U.S. 207 (1985) ("[N]on-disclosure can only serve as a basis for a fraudulent scheme when there exists an independent duty that has been breached by the person so charged.").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 22**

**WIRE FRAUD—DEPRIVATION OF PROPERTY**

To prove that Mr. Kelley committed wire fraud, the government must prove beyond a reasonable doubt that Old Republic Title, Ltd. and Fidelity National Title Company of Washington had a property right in the reconveyance fees Mr. Kelley allegedly obtained from them. A property right is the right to exclude others from enjoying property and the right to transfer, trade, buy, or otherwise dispose of the money or assets.

It is not enough that the reconveyance fees paid to him were someone's property. Rather, the fees must be the property of Old Republic Title, Ltd. and Fidelity National Title Company of Washington.

Source: *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) ("[The] words 'to defraud' . . . refer . . . to wronging one in his property rights by dishonest methods or schemes."); *Cleveland v. United States*, 531 U.S. 12, 15 (2000) (discussing requirement that alleged victim have an ownership interest in the property targeted by the fraud); *McNally v. United States*, 483 U.S. 350, 359 (1987) (same); *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 673 (1999) ("The hallmark of a protected property interest is the right to exclude others." *Int'l News Serv. v. Associated Press*, 248 U.S. 215, 250 (1918) (Brandeis, J., concurring) ("An essential element of individual property is the legal right to exclude others from enjoying it."); *United States v. Mancuso*, 42 F.3d 836, 845 (4th Cir. 1994) (defining a property right as "a right that could be assigned, traded, bought, and otherwise disposed of") *U.S. v. Alkaabi*, 223 F.Supp.2d 583, 590 (D. N.J. 2002) (discussing, in the context of the mail fraud statute, "the hallmarks of traditional property—exclusivity and transferability").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**

**WIRE FRAUD—INTENT TO HARM PROPERTY OF ANOTHER**

To prove that Mr. Kelley committed wire fraud, the government must prove beyond a reasonable doubt that Mr. Kelley acted with the intent to defraud.

To prove that Mr. Kelley acted with the intent to defraud, the government must show that Mr. Kelley acted with the intent to deceive or cheat, contemplating financial harm to the property rights of Old Republic Title and Fidelity National Title Company of Washington.

Source: *United States v. Jain*, 93 F.3d 436, 441 (8th Cir. 1996) (quoting *United States v. D'Amato,* 39 F.3d 1249, 1257 (2d Cir.1994)) ("[T]he government must show that some actual harm or injury was contemplated by the schemer." ); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970) (same); *United States v. Stouffer,* 986 F.2d 916, 922 (5th Cir.1993) ("The element of fraudulent intent, in turn, requires a showing that defendants contemplated or intended some harm to the property rights of their victims."); *United States v. St. Gelais,* 952 F.2d 90, 95 (5th Cir.) ("'Only a showing of intended harm will satisfy the element of fraudulent intent.'" (quoting *United States v. Starr,* 816 F.2d 94, 98 (2d Cir. 1987)).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 24**

**FILING FALSE INCOME TAX RETURNS**

Mr. Kelley is charged in Counts 12-15 and 17 of the Superseding Indictment with filing false tax returns in violation of Section 7206(1) of Title 26 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley signed and filed a tax return for a given year (2008, 2011, 2012, and/or 2013) that he knew contained false or incorrect information, with all of you agreeing as to which tax return(s) contained a false statement and what false statement was made;

Second, the alleged false statement was material;

Third, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Fourth, in filing the false tax return, Mr. Kelley acted willfully.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 9.39 (modified).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

**MATERIALITY—FALSE TAX RETURN**

With respect to Counts 11 to 17, the government must prove beyond a reasonable doubt that Mr. Kelley made a statement and/or engaged in conduct that was material.

To be material, a statement on a tax return, or other conduct, must impede a determination of whether income tax is owed. Not every mistake or inaccuracy on a tax return, or other conduct directed to the IRS, even if intentionally made or performed, affects whether income tax is owed.

Source: *United States v. Uchimura*, 125 F.3d 1282, 1285 (9th Cir. 1997) ("[I]nformation is material if it is necessary to a determination of whether income tax is owed.").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 26**

**CORRUPT INTERFERENCE WITH INTERNAL REVENUE LAWS**

Mr. Kelley is charged in Count 11 of the Superseding Indictment with corrupt interference with internal revenue laws in violation of Section 7212(a) of Title 26 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley obstructed or impeded, or endeavored to obstruct or impede, the administration of the Internal Revenue Service;

Second, Mr. Kelley's conduct affected the Internal Revenue Service in a material way;

Third, Mr. Kelley acted corruptly; that is, Mr. Kelley with the intent to secure an unlawful benefit for oneself or another. Mere evidence of an improper motive or bad or evil purpose is insufficient to prove corruption.

An act impedes or obstructs the due administration of the Internal Revenue Service if it thwarts the efforts of government officers and employees in executing the laws enacted by Congress. It is not enough for the government to prove that Mr. Kelley filed false income tax returns. Rather, the government must prove beyond a reasonable doubt that Mr. Kelley developed or participated in a scheme to avoid payment of his taxes and/or that he attempted to impede an Internal Revenue Service investigation into payment of taxes.

To be material, an act must be capable of influencing a decision-making person or entity—for example, by causing it to cease its investigation, pursue different avenues of inquiry or reach a different outcome.

Source: IRS Criminal Tax Manual § 1.702; *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir.2005) (defining "corruptly" for purposes of 26 U.S.C. § 7212(a)) (citing *United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir.1996)); *United States v. Hanson*, 2 F.3d 942, 947 (9th Cir. 1993), *superseded by statute on other grounds* (same); *United States v. Popkin*, 943 F.2d 1535 (11th Cir. 1991) (discussing conduct that impedes or obstructs the operation of the IRS); *United States v. Mitchell*, 985 F.2d 1275 (4th Cir. 1993); *United States v. Kelly*, 147 F.3d 172,

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

176 (2d Cir. 1998) (holding that delaying the progress of an IRS audit and investigation took conduct beyond tax evasion to corrupt interference); *United States v. Bonds*, 784 F.3d 582, 585 (9th Cir. 2015) (en banc) (holding that "due process calls for prudential limitations on the government's power to prosecute" obstruction of justice under § 1503, namely, requiring that the "*government must prove beyond a reasonable doubt that the charged conduct was capable of influencing a decisionmaking person or entity—for example, by causing it to cease its investigation, pursue different avenues of inquiry or reach a different outcome*"); *United States v. Miner*, 774 F.3d 336, 343–44 (6th Cir. 2014) (observing that "§ 7212(a)'s omnibus clause contains language virtually identical to that used in § 1503"); *United States v. Reeves*, 752 F.2d 995, 997 (5th Cir. 1985) (relying on cases decided under 18 U.S.C. § 1503, which "contain[s] language substantially similar to the language of section 7212(a)").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 27**

**FALSE STATEMENT TO GOVERNMENT AGENCY**

Mr. Kelley is charged in Count 16 of the Superseding Indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code. In order for Mr. Kelley to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Kelley made a false statement in a matter within the jurisdiction of the Internal Revenue Service Criminal Investigation Division;

Second, Mr. Kelley acted willfully; and

Third, the statement was material to the activities or decisions of the Internal Revenue Service Criminal Investigation Division.

<u>Source</u>: Ninth Circuit, Manual of Model Criminal Jury Instructions § 8.73.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 28**

**WILLFULLY**

With respect to Counts 11-17, the government must prove beyond a reasonable doubt that Mr. Kelley acted willfully.

In order to prove that Mr. Kelley acted willfully, the government must prove beyond a reasonable doubt that Mr. Kelley knew that the federal tax law or other law imposed a duty on him, and he intentionally and voluntarily violated that legal duty.

If Mr. Kelley acted on a good faith misunderstanding as to the requirements of the law, he did not act willfully even if his understanding of the law was wrong or unreasonable.

<u>Source:</u>  Ninth Circuit, Manual of Model Criminal Jury Instructions §§ 9.39 (modified), 9.42.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Source</u>: Ninth Circuit, Manual of Model Criminal Jury Instructions § 7.1.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 30**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 7.2.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 31**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 7.3.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**DEFENDANT'S PROPOSED INSTRUCTION NO. 32**

**VERDICT FORM**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 7.5.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## DEFENDANT'S PROPOSED INSTRUCTION NO. 33

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit, Manual of Model Criminal Jury Instructions § 7.6.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717