THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>TROY X. KELLEY,<br><br>                          Defendant. | Case No.  3:15-cr-05198-RBL<br><br>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE REGARDING JASON JERUE<br><br>**NOTED FOR:**<br>**FRIDAY, MARCH 18, 2016**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  INTRODUCTION

Defendant Troy Kelley moves to exclude any and all evidence and argument regarding his employment of Jason Jerue following the dissolution of United National and his payment to Mr. Jerue of severance pay.  The government has utterly failed to demonstrate the relevance of such evidence, and the only purpose of introducing it is to encourage jurors to engage in groundless and prejudicial speculation.  The evidence should be excluded.

## II.  ARGUMENT

The government has indicated that it intends to offer, under Federal Rule of Evidence 404(b), "[e]vidence that, following the 2008 dissolution of United National LLC, [Mr. Kelley] continued to funnel jobs and funds to Jason Jerue, including employment by Attorney Trustee

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
JASON JERUE - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Services, Inc., employment by the Washington State Auditor's Office, and two payments of approximately $10,000 each." Declaration of Angelo J. Calfo ("Calfo Decl."), Ex. 1. Mr. Kelley has not been charged with any crimes related to his continued employment of or payment of severance to Mr. Jerue. Rather, the government seeks to use this as 404(b) evidence to prove Mr. Kelley's intent to commit the crimes with which he is charged.

According to the government, Mr. Kelley's continued professional relationship with Mr. Jerue shows Mr. Kelley's guilty mental state because it was, and this is an actual quote, "*presumably* in the hope that Jerue would not reveal information concerning events at Post Closing Department." Calfo Decl., Ex. 1. Presumably. The government has provided exactly zero support for its presumption. There is literally nothing in any document, any FBI interview record, or any testimony given by Mr. Jerue to support the government's presumption. In fact, according to the FBI's interview records, Mr. Jerue described the payments as severance pay promised by Mr. Kelley. Calfo Decl., Ex. 2, p. 14. Such evidence does not go to Mr. Kelley's intent to commit a crime.

As far as Mr. Jerue's continued employment following the dissolution of PCD, as Mr. Jerue explained it, at the time PCD shut down, he was counting on continued employment with PCD because he and his wife were expecting a baby. Ex. 2, pp. 11-12. Mr. Kelley then kept Mr. Jerue on to continue doing reconveyance work in Oregon with Attorney Trustee Services. Ex. 2, p. 12-13. Sometime later, with Mr. Jerue continuing to experience financial difficulties after the birth of his son, Mr. Kelley offered him part-time work with the State Auditor's Office, doing work that was well within Mr. Jerue's area of experience and that would enable him to work from home while caring for his son. Ex. 2, p. 14.

As Mr. Jerue's statements indicate, the government's 'presumption' that Mr. Kelley did any of this from a bad motive is simply groundless. Nonetheless, the government apparently wants jurors to engage in the same unfounded speculation it has, presuming that Mr. Kelley

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
JASON JERUE - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

continued association could only have tried to help Mr. Jerue to hide a crime, even though Mr. Jerue himself denies it.

### III.    CONCLUSION

Under Evidence Rules 401, 402, and 403, Mr. Kelley requests that the Court exclude all evidence and argument regarding Mr. Kelley's employment of Jason Jerue following the dissolution of United National and his payment to Mr. Jerue of severance pay.

DATED this 10th day of March, 2016.

CALFO HARRIGAN LEYH & EAKES LLP

By    *s/Angelo J. Calfo*
       Angelo J. Calfo, WSBA #27079
       Patricia A. Eakes, WSBA No. 18888
       Emily Dodds Powell, WSBA #49351
       Andrew R.W. Hughes, WSBA #49515

       999 Third Avenue, Suite 4400
       Seattle, WA  98104
       Telephone:  (206) 623-1700
       Email:  angeloc@calfoharrigan.com
           peakes@calfoharrigan.com
           emilyp@calfoharrigan.com
           andrewh@calfoharrigan.com

       *Attorneys for Defendant Troy X. Kelley*

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
JASON JERUE - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
JASON JERUE - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717