THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TROY X. KELLEY, <br><br> Defendant. | Case No. 3:15-cr-05198-RBL <br><br> DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE REGARDING STATE TAXES <br><br> **NOTED FOR:** <br> **FRIDAY, MARCH 18, 2016** <br><br> **ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Mr. Kelley moves to exclude any and all evidence and argument regarding Washington State taxes his companies allegedly owed. Mr. Kelley has not been charged with filing false Washington State tax returns. Rather, the government seeks to use this as 404(b) evidence to prove Mr. Kelley's intent to commit the crimes with which he is charged. Based on the government's exhibit list and witness list, it will be unable to prove anything and will merely use unsubstantiated evidence to confuse the jury about issues beyond the scope of this case and to prejudice Mr. Kelley. The evidence should be excluded.

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
STATE TAXES - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## II. ARGUMENT

The government has indicated that it intends to offer, under Federal Rule of Evidence 404(b), "[e]vidence that [Mr. Kelley] failed to pay applicable Washington State taxes on the entirety of United National LLC's gross receipts from 2005 through the present." Calfo Decl., Ex. 1. This is not proper 404(b) evidence; what is more, the government has no competent proof on the topic.

Federal Rule of Evidence 404(b) "provides that evidence of 'other crimes, wrongs, or acts' is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan or knowledge." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (quoting Fed. R. Evid. 404(b)). The Ninth Circuit uses a four-part test for admitting evidence under Rule 404(b): The government must show that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). If evidence meets this test, a court "must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Id.*

The Ninth Circuit recently held that the admission of evidence of a defendant's state tax audit and subsequent settlement with the state taxing authorities, in a federal tax case, was "serious error" and ordered a new trial. *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015). The court found that evidence of an audit by, or settlement with, state tax authorities was "only minimally—if at all—probative of Martin's knowledge of the federal tax laws at issue in this case." *Id.* In *Martin*, the defendant had actually been previously accused of doing something wrong on her state taxes. *Id.* But here, Mr. Kelley has not even been accused of failing to pay Washington State taxes; the government's evidence is decidedly not "sufficient to support a finding that [Mr. Kelley] committed the other act." *Bailey*, 696 F.3d at 799.

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
STATE TAXES - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Only two documents on the government's exhibit list appear to relate to the government's assertion that United National did not pay state taxes. The first, Exhibit 2311, is a printout that appears to be taken from the Washington Department of Revenue website listing taxes paid by United National, which was seized from Mr. Kelley's home. The government has not listed any certified copy from the Department of Revenue to prove the amount Mr. Kelley actually paid in state taxes for United National. Neither has it listed a witness who would be competent to testify about how Washington State taxes work for businesses, what must be reported and when, or how much Mr. Kelley should have paid in state taxes. The government's tax expert, an IRS revenue agent, is unlikely to be qualified to opine on that topic; the government's expert disclosure did not indicate that he would be testifying about state taxes. While the government's witness list includes a "Washington State Department of Revenue Representative," that person is apparently a custodian of records only, since she or he was not disclosed as an expert witness. The best that person can do is confirm that United National did in fact pay the taxes shown on Exhibit 2311. In other words, the government will have no way to prove that United National should have done anything different than what it did.

Even if the government could make the necessary showing, the introduction of this evidence would be "serious error," as it was in the *Martin* case. The government has not explained how the tax reporting rules in Washington State bear any relationship to those on the federal level, and precisely how they would relate to Mr. Kelley's mens rea as to the federal tax charges. And, at this late date, with no discovery or information on how the state rules might be relevant, the government should not be permitted to put any such evidence before the jury.

The only other exhibit relating to state taxes, Exhibit 2818, epitomizes the government's attempt to introduce prejudicial evidence. The document is a summary of

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
STATE TAXES - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"Washington State B&O Tax vs. Federal Tax, Gross Receipts Reported." It lists federal receipts reported for United National and Blackstone from 2006 to 2013—so far, so good. But then it lists the same for state receipts reported. Apparently using only the unauthenticated Exhibit 2311, the summary lists United National's state receipts reported for 2006–2008. For the reasons explained above, without an explanation of how gross receipts are supposed to be reported in Washington State, the figures are at best meaningless and at worst highly prejudicial.

The references to Blackstone are even worse. The government apparently intends to offer no proof—nor could it—that Blackstone, as an S-corporation (and a Nevada one, at that) owed any taxes or was required to report any receipts in Washington. And yet Exhibit 2818 lists Blackstone's gross receipts reported for Washington state taxes from 2006 to 2013 as "0"—inappropriately implying that Blackstone did something wrong. Again, the fact that Blackstone reported no gross receipts in Washington is meaningless, since the government cannot prove that it should have done differently.

The government should therefore not be permitted to offer evidence that United National or Blackstone (which was not even part of the 404(b) notice) failed to pay Washington State taxes. It will not be able to prove that the entities did anything wrong with regard to state taxes, and, even if it could, introduction of evidence on the topic would solely prejudice Mr. Kelley and confuse the jury without any corresponding probative value.

/ / /

/ / /

/ / /

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
STATE TAXES - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. CONCLUSION

Under Evidence Rules 401, 402, 403, and 404, Mr. Kelley requests that the Court exclude all evidence and argument regarding Washington state taxes.

DATED this 10th day of March, 2016.

                CALFO HARRIGAN LEYH & EAKES LLP


                By    *s/Angelo J. Calfo*
                      Angelo J. Calfo, WSBA #27079
                      Patricia A. Eakes, WSBA No. 18888
                      Emily Dodds Powell, WSBA #49351
                      Andrew R.W. Hughes, WSBA #49515

                      999 Third Avenue, Suite 4400
                      Seattle, WA 98104
                      Telephone: (206) 623-1700
                      Email: angeloc@calfoharrigan.com
                                       peakes@calfoharrigan.com
                                       emilyp@calfoharrigan.com
                                     andrewh@calfoharrigan.com

                    *Attorneys for Defendant Troy X. Kelley*

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE REGARDING STATE TAXES - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*

DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE 404(B) EVIDENCE REGARDING
STATE TAXES - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717