THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |
| Plaintiff, | DEFENDANT'S RESPONSE TO UNITED STATES' FILING CONCERNING DEPOSITION DESIGNATIONS |
| vs. | |
| TROY X. KELLEY, | |
| Defendant. | |

## I.  INTRODUCTION

The parties have provided to the Court their designations and counter-designations of the deposition testimony of Mr. Kelley from an earlier civil lawsuit. Mr. Kelley wishes to briefly address the issues raised by the government's filing on the subject.

## II.  DISCUSSION

**A.  Testimony on Business Practices Occurring in a Single Month in October 2004—Before the Alleged Scheme Occurred—Should Be Excluded Where Relevant Records Have Been Destroyed Relating to the Testimony.**

During Mr. Kelley's deposition, Old Republic's counsel showed Mr. Kelley bank statements and some checks from approximately October 2004 from Columbia Bank, where Mr. Kelley's company did business. According to the testimony, the checks in that one month

DEFENDANT'S RESPONSE TO UNITED
STATES' FILING CONCERNING DEPOSITION
DESIGNATIONS - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

show that Mr. Kelley's company issued a number of refund checks (at pp. 204:11-207:7). The government seeks to extrapolate from this testimony that Mr. Kelley issued many, many refunds before and after October 2004 until the alleged scheme began in June 2006.

Mr. Kelley submits that this testimony should not be introduced into evidence. For one thing, the Columbia bank account records from this time period are no longer available—all that is available are the limited records about which Mr. Kelley was questioned at the deposition. Defense counsel understands that Columbia Bank records for all of 2004 (and other time periods) were destroyed by the parties to the civil litigation once it settled. Thus, Mr. Kelley does not have access to the full set of records that could show whether the one month period Mr. Kelley was questioned about in the deposition is truly illustrative of his overall business practices.

In any event, because the testimony is limited in scope to one month of conduct, it is insufficiently probative of the scheme the government alleges began more than a year later or of Mr. Kelley's pre-2006 business practices. Had the inquiry in the deposition involved a discussion of Mr. Kelley's general pre-2006 practices, it might be relevant. As it is, the testimony is too limited and runs the danger of substantial prejudice because it may lead to an unfair inference that this is the manner in which Mr. Kelley generally handled refunds throughout the pre-2006 time frame—an inference for which the government has no basis. Because the records are no longer available, Mr. Kelley is powerless to rebut the testimony with the actual bank records. This testimony should be excluded.

**B.      The Court Should Exclude Testimony Improperly Designated by the Government.**

The remainder of the testimony designated by the government, to which Mr. Kelley objects, constitutes colloquy and argument of counsel. The testimony shows that Old Republic's lawyer bullied Mr. Kelley while asking questions that led to the current charges (*e.g.*, "Do you have any trouble answering the yes or no question?"; "Are you done?"; "You're

DEFENDANT'S RESPONSE TO UNITED
STATES' FILING CONCERNING DEPOSITION
DESIGNATIONS - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

not going to answer my question, are you?"). But statements of counsel other than actual questions are not properly admitted. *See, e.g.*, *Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07–cv–806, 2009 WL 1661582, at *2 (S.D. Ind. June 12, 2009) ("[T]here are several instances of attorney colloquy within the designated portions of Mr. Toldy's deposition. The Court agrees with Square D that all such colloquy should be edited out of any deposition testimony that is presented at trial."); *Foster v. Lawrence Memorial Hosp.*, No. 91–1151, 1993 WL 156131, at *3 (D. Kan. Apr. 5, 1993) ("[T]he court expects that the parties will . . . remove all colloquy of counsel, objections and any questions which were asked, objected to during the deposition, and then subsequently withdrawn or rephrased."). The portions of the transcript designated by the government at 239:23–25, 241:14–242:2, 250:5, and 250:24–251:7 should therefore be excluded.

**B.    The Court Should Admit Testimony Designated by Mr. Kelley under the Rule of Completeness.**

1. <u>Testimony About Other Title Companies is Connected</u>.

The government seeks to exclude several portions of Mr. Kelley's testimony about his conversations with and business practices relating to other title companies beyond Old Republic Title and Fidelity National Title:  31:8-32:16, 84:14–88:16, 94:5–95:6, and 95:11–15. The testimony relates to Stewart Title, First American, Avista Escrow, and Evergreen Escrow, and relates to the same topics as those addressed by testimony about Old Republic and Fidelity.

As an initial matter, some of the testimony to which the government objects actually relates to Fidelity (94:5–17), and therefore should certainly be admitted under the rule of completeness. Additionally, the government designated testimony relating to Stewart Title and its fees (*see, e.g.*, 30:24–7, 37:12–38:10, 80:20–23, 82:22–24, 114:6–116:7, 120:7–121:2, 140:12–21, 178:6–16, 184:8–18, 267:4–8), including, specifically, testimony about ancillary fees for Stewart Title—the very type of testimony the government seeks to exclude (30:24–7,

DEFENDANT'S RESPONSE TO UNITED
STATES' FILING CONCERNING DEPOSITION
DESIGNATIONS - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

80:20–23, 267:4–8). The government also designated testimony specifically about Mr. Kelley's conversations with First American (30:24–7, 80:20–23, 82:22–25, 89:11–12). Witnesses from Stewart Title are expected to testify at trial; the government's own 404(b) notice states that it is seeking to use Mr. Kelley's conduct related to Stewart Title to show knowledge and intent to possess stolen property. And the government itself is calling two witnesses related to Evergreen Escrow.

Because the government seeks to introduce testimony about Mr. Kelley's conversations with title companies—<u>including</u> with Stewart Title and First American—the remaining portions of the transcript on this subject must be admitted.

    2. <u>Testimony About Practices in Oregon Should Be Admitted</u>.

The government seeks to exclude three portions of the testimony designated by Mr. Kelley that relate to his company's reconveyance practices while working for Fidelity in Oregon: 131:4–133:18, 134:21–135:24, and 260:15–261:4. This testimony further explains other, designated testimony addressing how reconveyance fees work. Mr. Kelley worked for Fidelity in both Washington and Oregon, and his testimony about Oregon, objected to by the government, is necessary to understand the differences in practice among the Fidelity offices. In Oregon, Mr. Kelley never received the entire reconveyance fee. Rather, Fidelity held the fee and Mr. Kelley billed Fidelity for work performed on the escrow files and other work performed. No refunds were made to customers. Given the extensive testimony the government has designated about the practices of certain Fidelity offices, it would be unfair and contrary to the rule of completeness to exclude testimony about the variety of ways Fidelity operated.

    3. <u>Continuation of Lines of Questioning Should Be Admitted</u>.

The government objects to two short sections of testimony that are simply a continuation of testimony designated by the government: 93:2–8 and 231:5–9. The

DEFENDANT'S RESPONSE TO UNITED
STATES' FILING CONCERNING DEPOSITION
DESIGNATIONS - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

government admits that the testimony is connected to the testimony it designated, but seeks to exclude it nonetheless. For the sake of completeness, the testimony should be admitted.

4. <u>Withdrawal of Defense Designation</u>.

Mr. Kelley mistakenly designated testimony at 33:17–19 for admission. Mr. Kelley withdraws that designation.

### III. CONCLUSION

For the foregoing reasons, Mr. Kelley respectfully requests that the Court admit into evidence the portions of the deposition designated by Mr. Kelley but objected to by the government, and should exclude the portions designated by the government but objected to by Mr. Kelley.

DATED this 11th day of March, 2016.

CALFO HARRIGAN LEYH & EAKES LLP


By   *s/Angelo J. Calfo*
     Angelo J. Calfo, WSBA #27079
     Patricia A. Eakes, WSBA No. 18888
     Emily Dodds Powell, WSBA #49351
     Andrew R.W. Hughes, WSBA #49515

     999 Third Avenue, Suite 4400
     Seattle, WA  98104
     Telephone:  (206) 623-1700
     Email:  angeloc@calfoharrigan.com
             peakes@calfoharrigan.com
             emilyp@calfoharrigan.com
             andrewh@calfoharrigan.com

     *Attorneys for Defendant Troy X. Kelley*

DEFENDANT'S RESPONSE TO UNITED STATES' FILING CONCERNING DEPOSITION DESIGNATIONS - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*

DEFENDANT'S RESPONSE TO UNITED STATES' FILING CONCERNING DEPOSITION DESIGNATIONS - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717