The Honorable Ronald B. Leighton
Trial Date: March 14, 2016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY X. KELLEY,<br><br>Defendant. | No. 3:15-cr-05198-RBL-1<br><br>**REPLY IN SUPPORT OF NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO RICK DOSA**<br><br>NOTED ON MOTION CALENDAR FOR MARCH 11, 2016 |

Calling Mr. Dosa as a trial witness serves no legitimate or necessary purpose and poses a real and substantial threat to the attorney-client privilege. Defendant's Opposition focuses almost exclusively on Mr. Dosa's involvement in April or May 2006 with the Post Closing Department contract, which consisted of making a few hand-written notes on a two-page form contract. The disclosure of those notes does not constitute a broad subject matter waiver as to all of Mr. Dosa's legal analysis or all of the legal advice he gave his client regarding the PCD contract. And, Defendant entirely ignores or gives short shrift to the numerous other privilege issues that would arise if Defendant is allowed to question Mr. Dosa on other matters, e.g., the 2008-2009 federal court *McFerrin* class action that Mr. Dosa managed as in-house counsel or the 2010-2011 *Kelley* civil litigation and settlement, in which Mr. Dosa also acted as company counsel giving legal advice. The subpoena should be quashed.

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 1
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

**A. Defendant Does Not Dispute that Mr. Dosa is Not Properly Questioned Regarding the *McFerrin* Litigation or Old Republic's Current Policies and Practices.**

Defendant spends almost his entire brief arguing over whether there was a waiver of attorney-client privilege related to Mr. Dosa's brief review of Post-Closing Department's proposed contract in early 2006. He entirely ignores two other key aspects of ORTL's motion:

(1) The subpoena should be quashed with respect to any testimony about Mr. Dosa's role in managing, or knowledge of, the *McFerrin* class action against ORTL in 2008-2009 because such matters are both privileged and irrelevant. Motion (Dkt. 192) at 6, 7.

(2) The subpoena should be quashed with respect to any testimony about Old Republic's policies or practices after 2011 regarding reconveyances or refunds because such testimony is irrelevant and inevitably risks disclosure of privileged information. *Id.* at 8.

Because Defendant has not even attempted to dispute these points, at the very least the subpoena should be quashed as to these matters and Defendant not allowed to ask Mr. Dosa at trial about anything related to the 2008-2009 *McFerrin* class action or Old Republic's policies and practices regarding reconveyances or refunds that did not apply to the time and place at issue (e.g., those enacted after these events, in other states, etc.)

**B. The Subpoena Should be Quashed Regarding the Kelley Litigation, Settlement, and Use of Settlement Proceeds.**

In addition, Rick Dosa cannot properly be compelled to testify about ORTL's settlement of the civil lawsuit against Defendant and its use of settlement proceeds. Defendant wrote only a few sentences to try to convince this Court otherwise. However, his half-page of arguments are conclusory and do not address the three key issues related to the *Kelley* civil lawsuit:

*1. ORTL's management of the Kelley civil litigation in 2010-2011.*

Mr. Dosa was the in-house counsel who managed that litigation. He acted as the client in his work with outside counsel, Scott Smith, and as attorney in advising his internal clients. Defendant does not rebut ORTL's showing that Mr. Dosa's testimony on this matter is privileged nor does he rebut ORTL's showing that such matters are irrelevant to the charges against

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 2
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Defendant. The subpoena should be quashed as to this matter and Defendant not allowed to inquire of Mr. Dosa at trial about the *Kelley* litigation, or his management of it.

   2.   *The May 3, 2011 settlement of the Kelley lawsuit*.

Defendant argues that he is entitled to ask Mr. Dosa about "the facts of the settlement and its terms" because Mr. Dosa signed the settlement agreement and participated in settlement discussions. Defendant does not dispute that Mr. Dosa was acting in his capacity as in-house counsel during those discussions as he analyzed the legal aspects of the settlement, advised his internal clients and interfaced with outside counsel. Insofar as Defendant wants to ask Mr. Dosa about the *facts* of the settlement, e.g., whether Mr. Dosa signed it or what certain provisions say, those facts are either undisputed or are extremely narrow and within the knowledge of multiple other witnesses, including Defendant himself. Insofar as Defendant wants to ask in-house counsel his legal analysis or communications with outside counsel or his internal clients about whether to settle or what settlement provisions mean, all of that testimony is privileged. Defendant neither specifies what he wants to ask Mr. Dosa about on this topic, nor offers any suggestions of how that can be done without invading privilege – it can't. The subpoena should be quashed as to this matter and Defendant not allowed to inquire of Mr. Dosa at trial about "the facts of the settlement and its terms."

   3.   *ORTL's use of the proceeds from the Kelley settlement.*

Defendant's sole justification for calling Mr. Dosa on this topic is his assertion that Mr. Dosa "made decisions about how much of the settlement should be paid to escrow customers as opposed to general company expenses." Response (Dkt. No. 223) at 7. But that assertion is baseless. Defendant submits *no evidence* or any citation to the record showing it is true (or even probable) that in-house counsel made the final decision how settlement proceeds were spent. Instead, the only evidence in the record shows that Mr. Dosa's role was limited to "providing legal advice to ORTL and ORTHC about that lawsuit and settlement" and that he "discussed and

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 3
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

formulated legal strategy with my internal clients, including the senior officials of those companies." Decl. of Rick Dosa at ¶¶ 5, 6 (Dkt. 193).

Moreover, the Court has reviewed *in camera* privileged communications regarding the settlement proceeds involving Mr. Dosa, outside counsel and Mr. Dosa's internal clients at Old Republic. Those documents amply demonstrate that Mr. Dosa's work related was in his legal capacity as in-house counsel and not as a decision-maker. They also demonstrate convincingly that any foray into this array on the stand inevitably creates a real and substantial risk of breach of privilege (regardless, ORTL's use of the settlement proceeds is irrelevant, as outlined in the Motion at 7-8). The subpoena should be quashed as to this matter and Defendant not allowed to ask Mr. Dosa at trial about Old Republic's use, refund or distribution of settlement proceeds.

**C.  Privilege Was Not Waived on the Narrow Issue of Rick Dosa's 2006 Reading of the PCD Contract.**

Defendant makes a mountain out of a short red-line. As established in Mr. Dosa's declaration (Dkt. 193), Mr. Dosa had no communications with Defendant on any subject at any time from 2006-2008 while ORTL was doing business with PCD, and he has no first-hand factual knowledge of Defendant's actions while he worked with ORTL. Decl. of Rick Dosa at ¶ 4 (Dkt. 193). Rather, Mr. Dosa's only action related to Defendant in 2006 was to provide short, hand-printed comments on PCD's two-page proposed form contract in April or May 2006. *Id.* at ¶ 5. Carl Lago did not testify to anything more than that in the deposition excerpts submitted with Defendant's opposition to this motion, despite Defendants' insinuations to the contrary. *See* Carl Lago Dep. at 186-190, Ex. A to Decl. of Angelo Calfo (Dkt. No. 224).

The fact that ORTL produced a copy of Rick Dosa's brief handwritten comments on the two-page contract in the *McFerrin* federal court class action does not broadly waive privilege over everything Mr. Dosa did or said in April or May 2006 regarding PCD, as Defendant incorrectly argues. First, Defendant does not show that any other privileged communications must be revealed to understand these handwritten comments, nor does he make the showing

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 4
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  required by FRE 502 that any other materials ought in fairness be considered with this document.
2  *See* Fed. R. Evid. 502(a)(3). The Advisory Committee's Notes to FRE 502(a) explains that the
3  type of subject matter waiver sought by Defendant is reserved for narrow circumstances where a
4  party has intentionally abused the privilege:

> The rule provides that a voluntary disclosure in a federal proceeding or to a federal office or agency, if a waiver, generally results in a waiver only of the communication or information disclosed; a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary. Thus, ***subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner***.

Advisory Comm. Notes to FRE 502(a) (2011 amend.) (emphasis added).

This is not such a case. There is no evidence that ORTL abused the privilege or intentionally tried to mislead anyone by producing Rick Dosa's brief notes on the PCD contract. Notably, ORTL did not selectively disclosing some documents, while withholding others. Defendant's subpoena to Mr. Dosa also called for production of any communications between Carl Lago and Rick Dosa from January 1 to June 1, 2006 about the PCD contract. ORTL conducted a reasonable search but located no written communications responsive to that request, which ORTL confirmed to defense counsel in writing on March 8, 2016. There is no selective disclosure. Nor is this an issue of waiving privilege in one case and asserting it in another (the straw man argument Defendant makes on pages 6-7 of his opposition). Rather, the issue here is whether the disclosure of a few handwritten notes on a two-page contract results in a broad privilege on the entire subject matter of all communications between Mr. Dosa and Mr. Lago in April or May 2006 about PCD when there is no evidence of abuse or intentional misleading, nor any showing that disclosure of other communications are necessary to understand the handwritten notes. The answer is a self-evident "no."[1]

---

[1] Defendants' suggestion that privilege waivers should be broadly construed is not only contrary to FRE 502(a), but also to case law. *See, e.g., In re Keeper Of Records (XYZ Corp.)*, 348 F. 3d 16, 23 (1st Cir. 2003) ("In approaching these unanswered questions, we start with the unarguable proposition that the attorney-client privilege is highly

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 5
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Lastly, Defendant argues that in-house lawyers are subject to a higher standard than outside counsel for claiming privilege. Response at 4. Defendant is wrong. The standards are the same. The only distinction is that when in-house counsel are involved, courts also query whether in-house counsel was acting in a legal capacity or a business capacity because some in-house counsel serve dual functions. That is the distinction drawn in the *Chandola* case Defendant relies on. *See Chandola v. Seattle Housing Auth.*, No. C13-557 RSM, 2014 WL 4685351, *3 (W.D. Wash. Sept. 19, 2014) (noting in-house counsel are subject to "extra scrutiny" of testing whether they were acting in a business capacity). Importantly, *Chandala* cites *In re Sealed Case*, 737 F.2d 94 (D.C. Cir. 1984), which recognizes that a witness's status as in-house counsel, instead of outside counsel, "does not dilute the privilege." *Id.* at 99. Here, Defendants have not presented any evidence – or even asserted without evidence – that Mr. Dosa was acting in anything other than his legal capacity at all times (as Mr. Dosa established in his declaration). Accordingly, *Chandola* is irrelevant and the scope and protection of privilege over Mr. Dosa's communications is just as broad as over communications with outside counsel.

**D.    Conclusion.**

For the foregoing reasons, the Court should quash the subpoena to Rick Dosa in its entirety. Even if the Court allows questioning as to Mr. Dosa's actions in April and May 2006 related to the PCD contract, the Court should enter an Order strictly limiting questioning of Mr. Dosa to those matters and barring questioning about the following topics, all of which are irrelevant and would disclose privileged information (as detailed above): (i) the 2008-2009 *McFerrin* class action litigation, (ii) the 2010-2011 *Kelley* civil lawsuit and settlement (including the use of settlement proceeds), and (iii) ORTL's current reconveyance and refund policies and practices.

---

valued. Accordingly, courts should be cautious about finding implied waivers. Claims of implied waiver must be evaluated in light of principles of logic and fairness."); *In re Grand Jury Proceedings*, 219 F.3d 175, 186 (2d Cir. 2000) ("Yet, insofar as implied waiver encroaches upon well recognized and 'firmly anchored' common law privileges, it should not be applied cavalierly. As we noted … '[o]ften the importance of the interests promoted by the privilege justify the exclusion of otherwise relevant evidence.'") (citations omitted).

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 6
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

DATED this 11th day of March, 2016.

       RIDDELL WILLIAMS P.S.


       By */s/ Gavin W. Skok*
         Gavin W. Skok, WSBA #29766
         Attorneys for Old Republic Title, Ltd.

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO
RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 7
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am employee of RIDDELL WILLIAMS P.S., and that on the date written below, I electronically filed the following document with the clerk of the court using the CM/ECF system, and served a true and correct copy of the foregoing document in the manner below stated:

## Service List

| | |
|---|---|
| **Andrew R. W. Hughes**<br>**Angelo J. Calfo**<br>**Emily Dodds Powell**<br>**Patricia A. Eakes**<br>CALFO HARRIGAN LEYH & EAKES, LLP<br>999 3RD AVE<br>STE 4400<br>SEATTLE, WA 98104 | ☐ U.S. Mail<br>☐ By Messenger<br>☒ Via CM/ECF<br>☐ Via Email |
| **Andrew C. Friedman**<br>**Richard Edward Cohen**<br>**Katheryn Kim Frierson**<br>US ATTORNEY'S OFFICE (SEA)<br>700 STEWART ST., STE 5220<br>SEATTLE, WA 98101-1271 | ☐ U.S. Mail<br>☐ By Messenger<br>☒ Via CM/ECF<br>☐ Via Email |
| **Arlen R. Storm**<br>US ATTORNEY'S OFFICE (TACOMA)<br>1201 PACIFIC AVE., STE 700<br>TACOMA, WA 98402 | ☐ U.S. Mail<br>☐ By Messenger<br>☒ Via CM/ECF<br>☐ Via Email |

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this declaration was executed on the 11th day of March, 2016, at Seattle, Washington.

/s/ *Courtney R. Tracy*
Courtney R. Tracy

NON-PARTIES' MOTION TO QUASH TRIAL SUBPOENA TO RICK DOSA - (No. 3:15-cr-05198-RBL-1) - 8
4822-3925-3551.04
62131.00063

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600