1             HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

UNITED STATES DISTRICT COURT
7      WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

UNITED STATES,       CASE NO. CR15-5198 RBL
9

       Plaintiff,    ORDER ON RULE 404(b) STATE
10               TAX EVIDENCE

11   v.

TROY X. KELLEY,
12

       Defendant.
13

14   THIS MATTER is before the Court on Defendant Kelley's Motion to exclude Rule

15 404(b) evidence regarding state taxes. [Dkt. #231].

16   The government seeks to introduce evidence of Kelley's state (B&O) tax treatment of the

17 retained reconveyance fees, because it claims that treatment is inconsistent with his

18 representations to Old Republic and to the IRS.

19   Kelley argues that admitting evidence of his state tax "behavior" with respect to the

20 retained fees would be "serious error" under *United States v. Martin*, 796 F.3d 1101 (9th Cir.

21 2015). He claims that the government cannot show that the state tax treatment was improper, and

22 even if it could, that "other act" is not admissible to show his *mens rea* as to the federal tax

23 charges.

24

1    Rule 404(b) prohibits evidence of another crime or act to prove character in an effort to

2    show that on a particular occasion, the defendant acted in accordance with that character. But it

3    permits the introduction of other wrongs or acts for another purpose, such as motive, intent, or

4    knowledge:

5    **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not
     admissible to prove a person's character in order to show that on a particular
6    occasion the person acted in accordance with the character.
     **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be
7    admissible for another purpose, such as proving motive, opportunity, intent,
     preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[]

8

9    Fed. R. Ev. 404(b). Under *Martin* and prior authority, the Court applies a four part test for

10   admitting this evidence under Rule 404(b): the government must show that "(1) the evidence

11   tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is

12   sufficient to support a finding that defendant committed the other act; and (4) (in certain cases)

13   the act is similar to the offense charged." *Citing United States v. Bailey,* 696 F.3d 794, 799 (9th

14   Cir. 2012). "If the evidence meets this test under Rule 404(b), the court must then decide

15   whether the probative value is substantially outweighed by the prejudicial impact under Rule

16   403." *Id.*

17   In *Martin*, the government introduced evidence that, in 1996 and 1997, the taxpayer had

18   been audited for taking $3000 in inappropriate state tax deductions (related to farm expenses), to

19   prove that she had, in 2002 – 2008 committed the crime of "subscribing to false federal tax

20   returns" (by failing to report income from the sale of construction materials, and thus avoiding

21   $100,000 in federal taxes). Indeed, the government expressly asked the jury to consider Martin's

22   prior state "tax cheating" as evidence that she had committed the federal "tax cheating" for

23   which she was on trial. *Martin*, 796 F.3d at1104, 1108.

24

1    Martin's conviction was vacated.  Not only did the evidence violate Rule 404(b)(1),

2  Martin's conduct was remote in time from the conduct charged, and was similar to that conduct

3  in only the broadest sense. The earlier state tax audit was not relevant or admissible to prove that

4  she knowingly violated federal tax law. *Martin*, 796 F.3d at 1106.

5    Here, the government seeks to introduce Kelley's state tax treatment of the fees to refute

6  his claims about when the fees were earned. It seeks to show that Kelley's explanations to Old

7  Republic and to the IRS about how he treated the fees were "knowingly false and opportunistic,"

8  by showing that his contemporaneous treatment of the fees for state tax purposes was

9  inconsistent with those explanations— whether the state tax treatment was proper or not.

10    This alleged inconsistency tends to prove a material point, the conduct is not at all remote

11  in time—it concerns the same pool of money—and the evidence supports a finding that Kelley's

12  treatment was inconsistent with his explanations. The evidence is not offered to show that Kelley

13  mistreated the money for state purposes, and that he therefore must have treated it improperly for

14  federal purposes. This case, therefore, is materially different than *Martin*.

15    This evidence is admissible to show Kelley's intent with respect to his Old Republic and

16  IRS explanations, and his knowledge that those explanations were inconsistent with his conduct.

17    Kelley's Motion to Exclude the Rule 404(b) evidence of his state law tax treatment of the

18  fees is DENIED.

19    IT IS SO ORDERED.

20    Dated this 17th day of March, 2016.

21

22    _____

23    Ronald B. Leighton
     United States District Judge

24

ORDER ON RULE 404(B) STATE TAX
EVIDENCE - 3