HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES,

           Plaintiff,

   v.

TROY X. KELLEY,

           Defendant.

CASE NO. CR15-5198 RBL

ORDER FOLLOWING *IN CAMERA* REVIEW OF ORTL'S DOCUMENTS

THIS MATTER is before the Court following its *in camera* review of documents Old Republic Title, Ltd. withheld from production to Kelley on the basis of attorney client privilege. [Dkt. #s 225 and 227][1]. Kelley filed an unopposed Motion for such review, and ORTL provided a binder and a CD containing the documents and Excel Spreadsheets tracking its customer's closing dates and other information.

The 42 withheld documents include multiple iterations of 2011 memos from ORTL's in-house counsel, Rick Dosa, to its outside (Riddell Williams) counsel, Scott Smith, regarding the Kelley settlement and a potential refund program to customers in light of it. The documents also

---

[1] Kelley's brief is in the form of a motion for *in camera* review. That Motion is GRANTED. This Order addresses the asserted privilege.

ORDER FOLLOWING IN CAMERA REVIEW OF
ORTL'S DOCUMENTS - 1

1  include emails enclosing and commenting on the memos, and asking and answering factual and

2  legal questions about the settlement and the refund program, between and among those attorneys

3  and ORTL employees, primarily Lynn Levendowski. The memos are marked "attorney client

4  privilege." The emails contain a similar attorney client privilege notation that most careful

5  lawyers attach to every email they send, regardless of topic or recipient.  There are also 10

6  additional documents (email strings) which have apparently been produced in redacted form,

7  with the legal advice excised.

8        ORTL argues that the communications are "classic legal analysis" about the scope and

9  parameters of the refund program, and other post-settlement issue related to the money it

10 received from Kelley. It claims that it has already produced most of the documents Kelley

11 subpoenaed, and that it carefully reviewed the documents reflected in its privilege log to ensure

12 that they consist of protected legal advice, not in-house administrative or business decisions.

13 Indeed, ORTL argues, it has provided documents involving the attorneys where the documents

14 did reflect such non-privileged matters. In short, it claims that the privilege log accurately

15 catalogs privileged communications. It asks the court to so determine, and to decline to order

16 them produced to Kelley.

17       Kelley, of course, has not seen the documents.  He claims that the privilege log is not

18 entirely clear on whether "legal advice" was limited to attorneys and the "need to know" client,

19 or whether it was widely disseminated at ORTL, depriving it of privileged status.  He also points

20 out that some of the documents (emails) have multiple senders[2] and similar anomalies making it

21 difficult to determine from the log whether the communications are in fact privileged.

22

23

24     [2] It appears that the "multiple senders" issue is the result of having the entire email string included as a "document"—each new email at the end of the string creates a new document, and

ORDER FOLLOWING IN CAMERA REVIEW OF
ORTL'S DOCUMENTS - 2

His primary argument, though, is that ORTL's business decisions and the administration of its refund program are not privileged.  He emphasizes that in-house counsel like Dosa often wear multiple hats, and only communications made seeking or giving actual legal advice are privileged—business advice and company administration is not privileged. He claims that the documents appear to be relevant and exculpatory, in that they support Kelley's theory that only a fraction of the settlement proceeds were then refunded to ORTL's customers. He asks the Court to closely scrutinize the documents to determine whether actual legal advice was sought or provided, and asks it to order privileged communications to be redacted—not withheld entirely—where there are non-privileged communications or facts in a document that also contains privileged communications.

As an initial matter, the Court agrees that redaction is the appropriate approach for the production of documents that have both sorts of communications, and the Court asks ORTL to do promptly. ORTL's withholding and privilege log were done in good faith, and each of the *in camera* documents includes attorney client privileged information.  But it is also true that facts—*what* ORTL did, as opposed to *why* it did so, from a legal standpoint—are not privileged, and they are not immune from disclosure just because they were communicated to or by an attorney. (This is not to say that ORTL claims otherwise; it does not.)  ORTL does not have a dog in this fight, while Mr. Kelley has a great deal to lose.  The privilege, therefore, should be and is construed narrowly, and non-privileged documents, facts, and communications should be produced to him.  This Order seeks to give guidance on how the redactions should be made.

---

on the privilege log all of the senders are listed, even where some of them have become recipients during the string.

Document #s 1-3 are "classic legal advice" and should be redacted entirely. But Documents like #4, for example, are mixed. That document is a draft memo from Dosa to Smith regarding the proposed refund program. Much of the document is background facts—ORTL's corporate position on, and factual understanding of, what happened, the settlement, the settlement payment, and the like. The portion of Section 2 on page two of the memo plainly discusses legal advice and issues about the program and how it should be operated from a legal standpoint. That portion of the memo is privileged and it should be redacted, in this and subsequent iterations of the memo. But the background and other statements about ORTL's corporate understanding of what Kelley did and did not do, the number of potential anticipated refunds, and the like, is not privileged and it should be produced.

There is another issue reflected in the memo which has not yet been featured prominently in the case before the Court, but may or may not be of interest to Kelley: ORTL's understanding of whether he actually performed the reconveyance tracking he was paid to do (as opposed to whether he made refunds). Communications reflecting the legal ramifications of that issue for ORTL are privileged. The fact that ORTL investigated the issue, and what it learned, is not privileged, even if it was communicated to an attorney, or it was an attorney's idea to investigate. That is an administrative, business determination, not a legal question. Section 4 of the memo, therefore, is not privileged, and should not be redacted. This applies to other versions of the memo and related emails, as well. The portion of the memo and emails related to the *amount* of money "reserved" from the settlement is not privileged; the legal advice about *why* it did so is privileged.

The "cover memos" (emails) for these drafts (generically, "here it is, call with questions") are privileged, and are *de minimus* in any event. Such memos should be redacted entirely.

A second memo from Dosa to Smith (Document #9 and subsequent iterations) is also mixed, but the bulk of it (all but section 1) is legal analysis and advice, and it is privileged. While the document should be redacted, the *facts* in it—how much money ORTL ultimately spent, on what—is not, and is a fair question for Dosa.

Documents #s 13-21 are similarly "mixed"—the communications seeking or giving legal advice should be redacted, but the facts conveyed (paraphrasing, "we want check a certain number of transactions to confirm that Kelley did the reconveyances,") are not privileged and should be produced.  The questions to counsel are privileged and should be redacted.

Communications between Levendowski and Deborah Jones (Document 22, repeated in subsequent documents, and sometimes, but not always, "cc'd" to Dosa) are not privileged and should be produced.  Counsel's communications about the reconveyance issue, where they give legal advice, should be redacted.  Questions to Dosa or Smith on the operation of the refund program are privileged, even construing the privilege narrowly.  Reporting to these attorneys what happened, or what was learned, is not.

The spreadsheets—prepared by employees and relayed to attorneys—are in this latter category (see Document 35 and the CD). They reflect facts, not questions, and not legal advice. The final letter to customers regarding the refund program is similarly not privileged.

Similarly, communications between Cassinell and Yu are not privileged (Document 29, *et seq*.). Smith and Dosa's participation in the email string is privileged and should be redacted. Documents like #36 are between an attorney and his client, but relate solely to the administration

of the refund program— when to send letters, how the program is proceeding—is business advice, at most. It does not seek or reflect legal advice. Such documents are not privileged. Document #37 (and subsequent discussions on the same topic: 38 -- 42) is a legal question posed to an attorney. It should be redacted entirely.

The documents already redacted (#s 1-10) should be produced in the submitted, redacted form.

The redactions described and prescribed in this Order should be done promptly, by Thursday of this week.

IT IS SO ORDERED.

Dated this 21st day of March, 2016.

Ronald B. Leighton
United States District Judge