1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TROY X. KELLEY,

Defendant.

Case No. 3:15-cr-05198-RBL

DEFENDANT'S MOTION TO
EXCLUDE TONY PERKINS AND
EVIDENCE OF PUBLIC DISCLOSURE
COMMISSION COMPLAINT

## I. INTRODUCTION

Defendant Troy Kelley moves to exclude testimony from Tony Perkins, Acting Assistant Director of Washington's Public Disclosure Commission, as well as Exhibits 211-214 concerning a complaint filed against Mr. Kelley with the PDC and subsequently dismissed. This "evidence" is pure character evidence in violation of Federal Rule of Evidence 404(b), and is irrelevant in any event. This trial is already set to blow well past its allotted four weeks, and there is no reason to waste any more of this Court's and the jury's time with irrelevant testimony about a nakedly political attack on Mr. Kelley in the lead-up to the 2012 State Auditor's election. This evidence should therefore be excluded.

## II. DISCUSSION

Federal Rule of Evidence 404(b) expressly prohibits the government from introducing evidence of "a person's character in order to show that on a particular occasion the person

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

acted in accordance with the character." Despite this clear bar, the government seeks to introduce evidence of a public disclosure complaint filed against Mr. Kelley. Mr. Kelley has not been charged with failing to disclose his income or assets on disclosure forms filed with the Public Disclosure Commission. Nonetheless, the government has indicated that it intends to call Mr. Perkins as a witness and to introduce exhibits relating to a PDC complaint filed by the Washington State Republic Party chairman and conservative talk radio host Kirby Wilbur against Mr. Kelley a few weeks before the 2012 State Auditor election. Exs. 211-214. The government's only purpose in doing so is to paint Mr. Kelley as the type of person who conceals his assets.

Mr. Wilbur's complaint alleges and insinuates a handful of peccadilloes with Mr. Kelley's financial disclosure forms, including, among other things, that when he filed his 2008 disclosure report in April 2009 Mr. Kelley failed to disclose his interest in United National, which Mr. Kelley had disclosed on prior year's disclosure, but which at the time he filed his 2008 disclosure had been inactive for several months. Mr. Wilbur also alleged that Mr. Kelley had reported income from United National after its dissolution, had over-reported income from United National in 2007, had failed to disclose income earned by Attorney Trustee Service, had failed to report payments to Blackstone International from its subsidiary United National in the portion of the disclosure form detailing payments from customers, and had failed to accurately disclose the ownership structure of Berkeley United. Ex. 211. According to the complaint filed on behalf of the Republican Party, these allegations "cast serious doubt on [Mr. Kelley's] suitability for office, and should be investigated promptly." Ex. 211, p.2.

The PDC dismissed nearly all of Mr. Wilbur's politically motivated allegations, though it did find that Mr. Kelley should have filed a supplemental report for 2008 detailing United National's dissolution.[1] Declaration of Angelo J. Calfo ("Calfo Decl."), Ex. 1. For his

[1] As Mr. Kelley explained, he "was previously under the impression that since [United National] was dissolved in the middle of [2008], and it was listed on all [his] previous F-1's, that [he] did not have to list it again." Ex. 214,

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

oversight, Mr. Kelley was assessed a fine of $200 with $100 suspended. Calfo Decl., Ex. 1. In a subsequently filed order, the PDC dismissed Mr. Wilbur's remaining allegations against Mr. Kelley, finding, among other things, that Mr. Kelley had accurately disclosed income from United National for 2007, had accurately disclosed income from Attorney Trustee Service, had complied with disclosure requirements for payments from United National to its corporate parent Blackstone International, and had accurately disclosed the ownership of Berkeley United, LLC. Calfo Decl., Ex. 2. Tellingly, the government does not seek to introduce the PDC rulings dismissing the complaint against Mr. Kelley.

Evidence of the dismissed PDC complaint against Mr. Kelley is not relevant because it does not show that Mr. Kelley concealed anything. These are worse than unproven accusations—they are, by and large, *dis*proven accusations. The PDC specifically found that there was no evidence to support Mr. Wilbur's political attacks. Calfo Decl., Ex. 2. The government's attempt to tell only the bad part of the story without telling how it ended—Mr. Kelley was vindicated—is a pretty obvious attempt to impugn Mr. Kelley's character in violation of FRE 404(b).

If its prior briefing is any indication, the government is probably going to claim that the PDC complaint—and Mr. Kelley's responses to it—is relevant on the theory that it shows Mr. Kelley treated his income differently for federal tax purposes than he did for Washington's public disclosure requirements. But Mr. Kelley financial disclosure forms and his responses to the PDC inquiry show that he treated United National's revenue consistently across his federal returns and his disclosure forms, taking it as income as it accrued once Old Republic's claims to the money had been resolved.[2] And even assuming, contrary to the evidence, that Mr.

---

p. 2. In response to the PDC's guidance to the contrary and before PDC issued its order, Mr. Kelley filed a supplemental disclosure form, detailing United National's business activity for the first half of 2008 and its dissolution. Calfo Decl., Ex. 1, p. 2.

[2] The fact that upon United National's dissolution he described the transfer of assets to Blackstone and then Berkeley United as shareholder distributions is likewise consistent with how he treated these assets on his tax returns. Ex. 2, pp. 6-7. In any event, the PDC found that Mr. Kelley's reporting of these transfers was consistent

DEFENDANT'S MOTION TO EXCLUDE TONY
PERKINS AND EVIDENCE OF PUBLIC
DISCLOSURE COMMISSION COMPLAINT - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    Kelley was inconsistent, Mr. Kelley's knowledge of Washington's public disclosure

2    requirements has no bearing on his knowledge of federal income reporting requirements. *See*

3    *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (reversing conviction of federal

4    tax offense based on district court's admission of state tax evidence because there was "no

5    relevant connection between [defendant's] awareness of rules about the characterization of

6    farm expenses under Idaho tax law, and whether she had knowledge of federal tax law

7    governing the reporting of income"). Moreover, Mr. Kelley's responses to the PDC indicate

8    that while he was trying his best to understand the rules for reporting income all of his income,

9    he was "receiv[ing] conflicting PDC opinions," and required "clarification from the PDC"

10   about some of the finer points of income disclosure. Ex. 212, p. 2. This back and forth is

11   therefore irrelevant to the charges against Mr. Kelley.

12        Not only is it irrelevant, but allowing the government to introduce this evidence will

13   cause the trial to go on even longer than the five or so weeks the government is already slated

14   to take. Allowing the government to shoehorn into the trial a host of irrelevant issues related to

15   the Kirby Wilbur's PDC complaint will force Mr. Kelley to relitigate the entire PDC

16   proceedings before the Court and jury. Evidence Rule 404(b) expressly forbids this kind of

17   character evidence. It should therefore be excluded.

18

19

20

21

22

23

24

25   with Washington law. Ex. 2, p. 8 ("Based upon the record herein the Commission also finds and concludes that the Respondent did not violate RCW 42.17/42.1 7A as alleged in the remaining allegations in the complaint and therefore those allegations should be dismissed.").

DEFENDANT'S MOTION TO EXCLUDE TONY
PERKINS AND EVIDENCE OF PUBLIC
DISCLOSURE COMMISSION COMPLAINT - 4

### III.    CONCLUSION

For the foregoing reasons, Defendant Troy Kelley respectfully requests that this Court exclude testimony from Tony Perkins as well as government Exhibits 211-214.

DATED this 6th day of April, 2016.

CALFO HARRIGAN LEYH & EAKES LLP

By    *s/Angelo J. Calfo*
        Angelo J. Calfo, WSBA #27079
        Patricia A. Eakes, WSBA No. 18888
        Emily Dodds Powell, WSBA #49351
        Andrew R.W. Hughes, WSBA #49515

        999 Third Avenue, Suite 4400
        Seattle, WA  98104
        Telephone:  (206) 623-1700
        Email:  angeloc@calfoharrigan.com
             peakes@calfoharrigan.com
             emilyp@calfoharrigan.com
             andrewh@calfoharrigan.com

*Attorneys for Defendant Troy X. Kelley*

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on April 6, 2016, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5           Andrew C. Friedman        andrew.friedman@usdoj.gov

6           Arlen R. Storm              arlen.storm@usdoj.gov

7           Katheryn Kim Frierson      katheryn.k.frierson@usdoj.gov

8           Richard E. Cohen          richard.e.cohen@usdoj.gov

9

10                        *s/Susie Clifford*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717