THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. 3:15-cr-05198-RBL |
|---|---|
| Plaintiff, | DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL ON COUNT 4 |
| vs. | |
| TROY X. KELLEY, | |
| Defendant. | |

## I. INTRODUCTION

Troy Kelley is charged in Count 4 with allegedly lying in a deposition when he said he had "discussed or negotiated" with Carl Lago other charges beyond a $20 tracking fee. But Mr. Lago testified that he did *discuss* additional fees with Mr. Kelley. Count 4 should therefore be dismissed under Federal Rule of Criminal Procedure 29.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Criminal Procedure 29(a) *requires* the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The rule provides in relevant part:

> **Before Submission to the Jury**. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

DEFENDANT'S RULE 29 MOTION FOR
ACQUITTAL ON COUNT 4 - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

insufficient to sustain a conviction. The court may on its own consider whether
the evidence is insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a). Evidence is insufficient to sustain a conviction when, viewed in the light most favorable to the government, it would not allow a rational factfinder to conclude that the government had proved each element of a crime beyond a reasonable doubt. *See U.S. v. Grasso*, 724 F.3d 1077, 1085-86 (9th Cir. 2013); *see also United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) ("[T]he test for determining whether to grant [a Rule 29] motion is whether at the time of the motion there was relevant evidence from which the jury could reasonably find (the defendant) guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government.") (internal quotation marks and citations omitted).

Rule 29 serves as an important safeguard for criminal defendants, allowing the court to stand between the defendant and an unjust guilty verdict. *See United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996). As the Supreme Court has explained:

> [T]he application of the beyond-a-reasonable-doubt standard to the evidence is not irretrievably committed to jury discretion. To be sure, the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of "not guilty." This is the logical corollary of the rule that there can be no appeal from a judgment of acquittal, even if the evidence of guilt is overwhelming. The power of the factfinder to err upon the side of mercy, however, has never been thought to include a power to enter an unreasonable verdict of guilty. *Carpenters & Joiners v. United States*, 330 U.S. 395, 408 [1947]. *Cf. Capital Traction Co. v. Hof*, 174 U.S. 1, 13-14 [1899]. Any such premise is wholly belied by the settled practice of testing evidentiary sufficiency through a motion for judgment of acquittal and a postverdict appeal from the denial of such a motion.

*Jackson v. Virginia*, 443 U.S. 307, 317 n. 10 (1979). In other words, "a defendant is entitled to protection against an improper or irrational verdict of the jury. . . . Rule 29 takes cognizance of the reality that jurors may not always be capable of applying strictly the instructions of the court, nor of basing their verdict entirely upon the evidence developed at the trial." *Tisor*, 96

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

F.3d at 379 (quoting 8A Moore's Federal Practice, Rules Of Criminal Procedure ¶ 29.02, pp. 29–6, 29–7 (Bender 1995).

**B.     Mr. Kelley Is Entitled to Acquittal on Count 4 because Carl Lago Admits that he Discussed Additional Fees with Mr. Kelley.**

Count 4 alleges that Mr. Kelley lied under oath in a deposition in *Old Republic v. Kelley* when he gave the following testimony:

> Question:    Who at Old Republic discussed or negotiated with you any of your charges beyond the $20 fee specified in the agreement with Old Republic?
>
> Answer:    Carl [Lago]

SI ¶ 119. The government alleges this was false because "Carl Lago never discussed or negotiated with [Mr. Kelley] the option of earning more than $20 per file." SI ¶ 120.

Mr. Lago testified to the contrary. He said that Mr. Kelley did indeed propose an additional $5 fee. 3/30/16 Trial Tr., 60:13-61:9. According to Mr. Lago, he and Mr. Kelley discussed the additional $5 fee at their first meeting in Lynnwood in April 2006. 3/30/16, Trial Tr., 67:19-68:4. Mr. Lago testified that he refused the fee and refused to describe this process of offer and non-acceptance as a "negotiation" (3/30/16 Trial Tr., 31:10-12), but that does not matter: his sworn testimony is that he and Mr. Kelley did indeed "discuss[] *or* negotiate[]" the fee. Mr. Kelley's deposition answer was therefore literally true. That Old Republic subsequently rejected the fee, or that the discussions or negotiations were short, does not render Mr. Kelley's literally true answer perjury. *See United States v. Cook*, 489 F.2d 286, 287 (9th Cir. 1973) ("[A] perjury conviction cannot be based on answers which are literally true.").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

### III. CONCLUSION

For the foregoing reasons, Mr. Kelley respectfully requests that this Court enter judgment of acquittal on Count 4.

DATED this 17th day of April, 2016.

                      CALFO HARRIGAN LEYH & EAKES LLP

                      By   *s/Angelo J. Calfo*
                             Angelo J. Calfo, WSBA #27079
                             Patricia A. Eakes, WSBA No. 18888
                             Emily Dodds Powell, WSBA #49351
                             Andrew R.W. Hughes, WSBA #49515

                             999 Third Avenue, Suite 4400
                             Seattle, WA 98104
                             Telephone: (206) 623-1700
                             Email: angeloc@calfoharrigan.com
                                         peakes@calfoharrigan.com
                                         emilyp@calfoharrigan.com
                                         andrewh@calfoharrigan.com

                        *Attorneys for Defendant Troy X. Kelley*

DEFENDANT'S RULE 29 MOTION FOR
ACQUITTAL ON COUNT 4 - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | andrew.friedman@usdoj.gov |
| Arlen R. Storm | arlen.storm@usdoj.gov |
| Katheryn Kim Frierson | katheryn.k.frierson@usdoj.gov |
| Richard E. Cohen | richard.e.cohen@usdoj.gov |

*s/Susie Clifford*

DEFENDANT'S RULE 29 MOTION FOR
ACQUITTAL ON COUNT 4 - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717