THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  3:15-cr-05198-RBL |
| Plaintiff, | MOTION TO COMPEL PRODUCTION |
| vs. | **NOTED FOR;** |
| TROY X. KELLEY, | **WEDNESDAY, NOVEMBER 15, 2017** |
| Defendant. | |

## I.     RELIEF REQUESTED

Defendant Troy X. Kelley moves to compel production of any Jencks or *Brady/Giglio* material contained in prosecutors' or agents' notes of witness interviews in preparation for retrial.

## II.     BACKGROUND FACTS

The government has indicated that it intends to call Julie Yates, Michelle Millsap, and Tami Henderson in the first week of trial.  Since the last trial, however, the defense has received only one document relating to any government interviews of these witnesses, namely, a three-line note from a November 8, 2017, meeting with Michelle Millsap.  Declaration of Emily Dodds

MOTION TO COMPEL PRODUCTION - 1
(NO 3:15-cr-05198-RBL)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

Powell at ¶ 2.  Accordingly, on November 13, 2017, counsel for Mr. Kelley wrote to the government requesting any new Jencks and/or *Brady/Giglio* material related to these witnesses:

> We understand that Julie Yates, Michelle Millsap, and Tami Henderson will be testifying in the next few days.  We've received no notes or Jencks material relating to them since the last trial.  Please provide such information.  If there is none, please provide us with the dates since the last trial on which these witnesses have met or conferred (in person or otherwise) with the government to prepare for their testimony, who was present at the meetings, how long the meetings lasted, and whether any notes were taken by any participants.  Obviously, please also let us know if you have any information to disclose to us (whether memorialized in a writing or otherwise) that is material to the defense, is exculpatory, or would have any value in cross-examining these witnesses, including any information they have provided that is inconsistent with prior statements/testimony or tends to cut against the government's theory of the case.

Powell Decl., Ex. 2.  The government responded by indicating that its three-line Millsap note was the *only* record of its recent interviews with these three witnesses that it intended to produce.  *Id.*  In a follow-up communication, the government announced, without any explanation, that it had "produced all Jencks material" relating to the three witnesses.  *Id.*  But the government refused to provide any additional information that would substantiate (or not) its claim, including who was present at these interviews, how long they lasted, and whether any notes were taken.  *Id.*

### III.   ARGUMENT

Under the Jencks Act, the government is required to produce any records from its interviews with witnesses that incorporate any statement made or adopted by a witness relating to a subject matter on which the witness has testified.  18 U.S.C. § 3500.[1]  Under *Brady* and *Giglio*, the government is required to produce any evidence "favorable to the accused, either

---

[1] Statement is defined in the Jencks Act to include:

    **(1)**  a written statement made by said witness and signed or otherwise adopted or approved by him; [or]
    **(2)**  a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement[.]

18 U.S.C. § 3500(e).

MOTION TO COMPEL PRODUCTION - 2
(NO 3:15-cr-05198-RBL)

1  because it is exculpatory, or because it is impeaching[.]"  *United States v. Williams*, 547 F.3d

2  1187, 1202 (9th Cir. 2008) (citation and internal quotation marks omitted).

3       It is typical that, in a complex white-collar criminal trial such as this, the government will

4  provide notes taken by agents of pretrial meetings with witnesses.  Indeed, this is exactly what

5  occurred at the last trial.  It is unclear whether the government's current position is that it has no

6  obligation to turn over such notes, or whether it has directed its agents not to take notes.  It also

7  declines to disclose whether prosecutors have taken notes of witnesses' pretrial statements made

8  during trial preparation.

9       This issue is particularly important here, as the defense continues to sift through the late-

10  produced Fidelity records relating to Ms. Yates.  We expect that the government is questioning

11  Ms. Yates on these documents, but we have been given no indication of what she has said.  The

12  defense is, as a result, at a double-disadvantage because it has received discovery so late in the

13  game, and now the government will not disclose what its witnesses will say about this new

14  discovery at the retrial.

15       Whatever the situation, the government is not permitted to hold back either Jencks or

16  *Brady/Giglio* material on the ground that (1) the agents were not permitted to prepare notes; (2)

17  the agents did take notes but the government does not want to turn them over; or (3) the

18  prosecutors are the only ones who took notes. *See Goldberg v. U. S.*, 425 U.S. 94, 101–02, 108

19  (1976) (holding that the work-product doctrine does not bar production of materials otherwise

20  producible under the Jencks Act); *United States v. Kohring*, 637 F.3d 895, 907 (9th Cir. 2010)

21  ("[I]n general, a prosecutor's opinions and mental impressions of the case are not discoverable

22  under *Brady* [/*Giglio*] *unless they contain underlying exculpatory facts*.") (emphasis added,

23  alteration in original).

24       The government's bare assertion that it has "produced all Jencks material" is difficult to

25  take at face value, when it has produced only one, three-line record of interviews with three of its

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

key witnesses.  Moreover, without more information, it is impossible for the defense to evaluate the government's claim that it has complied with its discovery obligations.  Thus, Mr. Kelley's counsel requested that, if the government claimed there was no Jencks/*Brady/Giglio* material, the government provide additional information about the government's meetings with witnesses, including who was present and whether notes were taken.  Powell Decl., Ex. 2.  The government refused to provide this information, however, necessitating this motion.  *Id.*

There is little doubt that the government has interviewed Millsap, Yates, and Henderson within the past month.  Any written record by any government agent or prosecutor from these meetings is likely discoverable under Jencks and potentially also under *Brady/Giglio*. Consequently, the government should be required to produce any and all notes from witness interviews that incorporate any statements made or adopted by any witnesses or that include any evidence that is exculpatory or may be used to impeach witnesses.  If necessary, Mr. Kelley would not object *in camera* review of any notes from these interviews, to enable the Court to separate protected work-product from Jencks or *Brady/Giglio* material.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Kelley respectfully requests that this Court order the government to produce any Jencks or *Brady/Giglio* material contained in prosecutors' or agents' notes of witness interviews in preparation for retrial.

DATED this 14th day of November, 2017.

CALFO EAKES & OSTROVSKY PLLC

By:    *s/Angelo J. Calfo*
    Angelo J. Calfo, WSBA #27079
    Patricia A. Eakes, WSBA No. 18888
    Emily Dodds Powell, WSBA #49351
    Andrew R.W. Hughes, WSBA #49515
    1301 Second Avenue, Suite 2800

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Seattle, WA  98101
Telephone:  (206) 407-2200
Email:   angeloc@calfoeakes.com
         pattye@calfoeakes.com
         emilyp@calfoeakes.com
         andrewh@calfoeakes.com

*Attorneys for Defendant Troy X. Kelley*

MOTION TO COMPEL PRODUCTION - 5
(NO 3:15-cr-05198-RBL)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on November 14, 2017, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4    following:

5          Andrew C. Friedman          Andrew.Friedman@usdoj.gov

6          Arlen R Storm               Arlen.Storm@usdoj.gov

7          C. Seth Wilkinson           Seth.Wilkinson@usdoj.gov

8          Michelle Jensen             Michelle.Jensen@usdoj.gov

9

10                                     *s/ Susie Clifford*
                                        Susie Clifford

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MOTION TO COMPEL PRODUCTION - 6
(NO 3:15-cr-05198-RBL)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224