THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TROY X. KELLEY,<br><br>　　　　　　　　　Defendant. | Case No. 3:15-cr-05198-RBL<br><br>MOTION FOR DISMISSAL AND/OR ACQUITTAL OF COUNT 11<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**NOTE ON MOTION CALENDAR: MAY 3, 2018** |

## I.　　INTRODUCTION

Mr. Kelley was convicted on Count 11 of the Superseding Indictment for violating the "Omnibus Clause" of 26 U.S.C. § 7212(a). That clause makes it a crime to "corruptly . . . obstruct[] or impede[], or endeavor[] to obstruct or impede, the due administration of" the Internal Revenue Code. Yesterday, March 21, 2018, the Supreme Court issued its decision in *Marinello v. United States*, which narrowed the Omnibus Clause of Section 7212(a) by requiring the government to prove both (1) a nexus between the defendant's conduct and a "particular administrative proceeding" and (2) that the defendant knew about the administrative proceeding. *Marinello v. United States*, 584 U.S. ___ (Mar. 21, 2018), attached hereto as an Appendix. *Marinello*

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200　FAX (206) 407-2224

fundamentally undermines the government's theory and proof on Count 11. Mr. Kelley therefore moves for dismissal and/or acquittal of Count 11 of the Superseding Indictment.[1]

## II. ARGUMENT

### A. *Marinello* Requires Acquittal on Count 11.

The government charged Mr. Kelley with violating the Omnibus Clause under a theory that, following *Marinello*, is insufficient to sustain conviction. The thrust of the government's theory was that Mr. Kelley corruptly interfered with the IRS's tax collection efforts by failing to report income when he obtained it, and then, when he did report it, falsely claiming it as income from an ongoing business. In its closing argument, the government's entire argument on Count 11 focused on its tax reporting theory:

> Count 11 is a blanket charge. It charges Mr. Kelley with the whole scheme, basically not reporting the money at the time he stole it, and then reporting it years later when it shouldn't have been reported, and taking deductions he shouldn't have taken when he did. So Count 11 is a charged based on Mr. Kelley's conduct overall.

Declaration of Angelo J. Calfo, Ex A (Dec. 18, 2017 Tr.) at 47:11–16.

But yesterday, in *Marinello v. United States*, the Supreme Court held unequivocally that the government's theory is insufficient to convict under the Omnibus Clause of Section 7212(a). Specifically, the Court held that "to secure a conviction under the Omnibus Clause, the Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." *Marinello v. United States*, 584 U.S. ___, slip op. at 10 (Mar. 21, 2018). Further clarifying, the Court held that a "particular administrative proceeding" did not include routine tax collection. *Id.* at 10–11; *see also id.* at 1 ("'[D]ue administration of [the Tax

---

[1] Mr. Kelley moves for dismissal of Count 11 on all grounds previously argued in his briefing and on all other grounds available. This brief by Mr. Kelley is intended to elaborate on a single theory of dismissal but not to the exclusion of others that are available.

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Code]' does not cover . . . the ordinary processing of income tax returns," but "[r]ather . . . refers to specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit.").

*Marinello's* nexus requirement forecloses the government's theory in this case. *Marinello* permits conviction only where a defendant interferes with an ongoing IRS administrative proceeding. The government cannot prove a violation of the Omnibus Clause merely by arguing that Mr. Kelley's allegedly false tax returns interfered with "the ordinary processing of incomes tax returns." *Id.* at 1. But that it precisely and only what it has done here. The government's theory thus fails *Marinello's* nexus requirement.

The *Marinello* Court also interpreted the Omnibus Clause to contain a knowledge requirement. Specifically, the Court held that "[i]n addition to satisfying this nexus requirement, the Government must show that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant. It is not enough for the Government to claim that the defendant knew the IRS may catch on to his unlawful scheme eventually. . . . [T]he proceeding must at least be in the offing " *Id.* (citation omitted).

This knowledge element is likewise fatal to the government's theory. According to the government's evidence at trial, Mr. Kelley did not become aware of any IRS investigation until 2013, when he was contacted for an interview by IRS Agent Kerry Nordyke. This was after he supposedly underreported taxes in 2008, *contra* Counts 12–13, and after he supposedly falsely reported business income and took fraudulent business deductions from 2011 and 2012, *contra* Counts 14–15.[2] In short, the gravamen of the government's alleged misconduct occurred *before* Mr. Kelley was ever aware of an IRS investigation. Following *Marinello*, Mr. Kelley's supposedly false statements in tax returns from prior to 2013 cannot, as a matter of law, support conviction under the Omnibus Clause.

---

[2] For the avoidance of doubt, Mr. Kelley met with Agent Nordyke on April 19, 2013, more than two months *after* he filed the allegedly false 2012 tax return for Blackstone. *Compare* Dkt. No. 38 at ¶ 154 with ¶ 152.

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

In *Marinello*, the Supreme Court implicitly though unmistakably overruled prior Ninth Circuit precedent which arguably justified, or at least permitted, the government's theory. In *United States v. Hanson*, the Ninth Circuit held that "Section 7212(a) is aimed at prohibiting efforts to impede *the collection of one's taxes, the taxes of another*, or the auditing of one's or another's tax records." 2 F.3d 942, 947 (9th Cir. 1993) (emphasis added; internal quotation omitted). *Marinello's* nexus requirement, however, now makes clear that merely "imped[ing] the collection of one's taxes[ or] the taxes of another" is insufficient to sustain a conviction under the Omnibus Clause. *Marinello*, 584 U.S ___, slip op. at 10–11. And in *United States v. Massey*, the Ninth Circuit held that "the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a)." 419 F.3d 1008, 1010 (9th Cir. 2005). This holding is squarely contradicted by *Marinello's* knowledge requirement.

*Hanson* and *Massey* were binding precedent until this week, and the parties, and perhaps this Court as well, relied on them in crafting their jury instructions. *See* Dkt. No. 213 at 29 (Mr. Kelley's proposed Jury Instruction No. 26, citing *Massey* and *Hanson*); Dkt. No. 473 at 9 (government's proposed Jury Instruction No. 22, citing *Hanson*).[3] But they are binding no longer. Following *Marinello*, the government's Count 11 is insufficient as a matter of law to support conviction, and acquittal is therefore necessary.

**B.     *Marinello* Requires Dismissal of Count 11.**

Additionally and alternatively, *Marinello* requires dismissal of Count 11 of the Superseding Indictment. The indictment's allegations of corrupt interference mirror the government's argument in closing: "Beginning in or before 2007 . . . , TROY X. KELLEY did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by failing to declare income that he had obtained . . . in the years in which he obtained such income, by falsely declaring a portion of that income in later years in an attempt to make the income

---

[3] Because *Hanson* and *Massey* were binding during both trials, Mr. Kelley had no basis to object to the Court's proposed jury instruction when it was proposed.

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1  legitimate, by claiming fraudulent deductions to reduce his tax obligation on the portion of the
2  income that he did declare, and by making false statements to Internal Revenue Service employees
3  who interviewed him concerning the income." SI ¶ 137; *see also* ¶¶ 138-144.[4] The Superseding
4  Indictment alleges that Mr. Kelley's allegedly false returns interfered with the IRS's process of
5  "enforcing and administering the tax laws" insofar as "[t]he federal income tax system . . . relies
6  upon citizens to truthfully, accurately, and timely report income and expense information to the
7  IRS." SI ¶ 138. The Superseding Indictment specifically alleges that Mr. Kelley interfered with
8  the IRS's tax collection efforts by employing a scheme that began with underreporting way back
9  in 2006 (SI ¶¶ 139-140) and culminated with him reporting income and taking business expenses
10 in 2011 and 2012 (SI ¶¶ 141-143). For the reasons explained above, the government's theory that
11 Mr. Kelley obstructed the administration of the IRS by filing false tax returns, relying on events
12 that occurred before Mr. Kelley knew he was under investigation, is insufficient to state an offense
13 under 26 U.S.C. § 7212(a). Dismissal of Count 11 is therefore necessary.[5]

### III. CONCLUSION

For the foregoing reasons, Mr. Kelley respectfully requests that the Court dismiss Count 11 of the Superseding Indictment.

///
///
///
///
///

---

[4] Mr. Kelley was, of course, acquitted of making a false statement to Agent Nordyke, and cannot be retried on those allegations. This no doubt explains why the government did not rely on it in discussing Count 11 its second closing argument.

[5] Mr. Kelley's motion for dismissal is timely. Federal Rule of Criminal Procedure 12(b)(3) generally requires defendants to bring motions to dismiss for failure to state an offense before trial, but only "if the basis for the motion is then reasonably available." *Marinello* was only decided yesterday. Before yesterday, *Massey* and *Hanson* foreclosed the argument Mr. Kelley now makes. Mr. Kelley brought this motion within one day of the change in the law.

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1 | DATED this 22nd day of March, 2018.
2 |
3 | CALFO EAKES & OSTROVSKY PLLC
4 |
5 |
6 | By: _s/Angelo J. Calfo_
    Angelo J. Calfo, WSBA #27079
7 | Patricia A. Eakes, WSBA No. 18888
    Emily Dodds Powell, WSBA #49351
8 | 1301 Second Avenue, Suite 2800
    Seattle, WA 98101
9 | Telephone: (206) 407-2200
    Email: angeloc@calfoeakes.com
10 |         pattye@calfoeakes.com
            emilyp@calfoeakes.com
11 |
    *Attorneys for Defendant Troy X. Kelley*

MOTION FOR DISMISSAL AND/OR ACQUITTAL
OF COUNT 11 (Case No. 3:15-cr-05198-RBL) - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Andrew C. Friedman | Andrew.Friedman@usdoj.gov |
| Arlen R Storm | Arlen.Storm@usdoj.gov |
| C. Seth Wilkinson | Seth.Wilkinson@usdoj.gov |
| Michelle Jensen | Michelle.Jensen@usdoj.gov |
| Katheryn Kim Frierson | Katheryn.k.Frierson@usdoj.gov |

*s/ Mary J. Klemz*
Mary J. Klemz

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224