HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY X. KELLEY,<br><br>Defendant. | CASE NO. CR15-5198 RBL<br><br>ORDER DENYING MOTION FOR BAIL PENDING APPEAL |

THIS MATTER is before the Court on Defendant Troy Kelley's Motion for Bail Pending Appeal [Dkt. #662]. In December 2017, a jury convicted Kelley of a single count of possession and concealment of stolen property (Count 1), two counts of making false declarations (Counts 2 and 5), and five counts of filing false income tax returns (Counts 12–15, Count 17) related to his operation of Post Closing Department, a reconveyance tracking company. Dkt. 556. In June 2018, the Court sentenced Kelley to a term of imprisonment of a year and a day. Dkt. 656. Kelley requests that the Court order his release pending his appeal of the judgment entered in this case.

Pursuant to 18 U.S.C. § 3143(b)(1), a convicted and sentenced defendant shall be detained pending appeal unless he can establish: (1) by clear and convincing evidence that he is

not likely to flee or pose a danger or threat to the safety of the community; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Kelley's current motion attacks his conviction on Count 1 (possession and concealment of stolen property). His argument is a familiar one: that he was convicted of possessing stolen money that was willingly given to him in exchange for conveyance services provided by Post Closing Department. The Court (and now the jury) has considered and rejected some variation of this argument on numerous occasions. *See* Dkt. 306; Dkt. 321 (Rule 29 Motion for Acquittal Following Discharge of Jury); Dkt. 394; Dkt 488 (Motion to Dismiss Counts 1 & 6–10); Dkt. 581; Dkt. 618 (Motion for Acquittal on Count 1). Kelley's appeal does not raise a substantial question of law or fact that is likely to result in a reversal, order for a new trial, or a substantially reduced sentence. Accordingly, the Court proceeds in the normal course and Kelley's Motion for Bail Pending Appeal [Dkt. #662] is **DENIED**.

IT IS SO ORDERED.

Dated this 6th day of August, 2018.

Ronald B. Leighton
United States District Judge