HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES of AMERICA,

                Plaintiff,

     v.

TROY X. KELLEY,

                Defendant.

CASE NO. CR15-5198 RBL

ORDER

THIS MATTER is before the Court on limited remand from the Ninth Circuit, to "enable [the Court] to state orally or in writing, the reasons for its order denying appellant's motion for bail pending appeal." *See* 18 U.S.C. § 3143(b); Fed. R. App. P. 9(b). [*See* Ninth Circuit's September 18, 2018 Order].

The Ninth Circuit's Order does not specify whether it seeks additional reasons for the Court's determination that Kelley failed to raise a "substantial question" of law or fact likely to result in reversal, a new trial, or a substantially reduced sentence (§ 3143(b)(1)(B)), or whether it seeks the Court's input on § 3143's remaining prerequisites for release pending appeal.

If the inquiry relates to the latter, Kelley met his burden of demonstrating[1] by clear and convincing evidence that he "is *not likely to flee* or *pose a danger* to the safety of any other person or the community if released[.]§ 3143(b)(1)(A)(emphasis added). Furthermore, there is no evidence and no claim that Kelley is appealing for purposes of delay. § 3143(b)(1)(B).

As to this Court's rejection of Kelley's claim that his appeal raises a "substantial question," as the parties would concede, Kelley repeatedly raised this same question throughout this case.

Kelley's Motion reiterated his core defense: he did not steal from the title companies' customers because they willingly paid a fee for a service that he undeniably provided.[2] Kelley argued that this defense raised a substantial question—that its viability as a defense to Count 1 was "fairly debatable"—but though he made the argument in a different context, it was not a new argument. Kelley consistently and eloquently argued this point to the Court in numerous pre- and post-trial motions. *See*, for example Kelley's Rule 29 Motion for Acquittal Following the Discharge of the [first] Jury [Dkt. # 306], and the Court's Order denying that Motion [Dkt. # 321]; *see also* Kelley's Motion to Dismiss Counts 1 and 6-10 [Dkt. # 394], which was denied at oral argument on November 2, 2017 [Dkt. # 488][3]. It was a major theme of his cross-examination of the government's witnesses, he offered expert testimony in support of it, and he argued it to two juries.

---

[1] The Court notes that it permitted Kelley to remain free on his own recognizance pending trial (twice); it permitted him to remain free after he was convicted, pending sentencing; and it permitted him to voluntarily surrender after it imposed sentence. It did so because he is not a flight risk and he is not dangerous.

[2] If this is the title of Kelley's defense, its chorus is "this is a breach of contract case." But a breach of contract can be fraudulent, and it can amount to theft.

[3] Kelley's own Motion includes a footnote acknowledging that he has "made this argument before," and referencing some of the other places he did so. [Dkt. # 662 at note 3].

Throughout the case, the government argued, and the Court agreed, that Kelley's argument was not a defense to Count 1. He knew that *he* did not own the money, which is why he went to great lengths to conceal the fact that he possessed it—that, despite his promise to make refunds, he kept the entire fee. There was ample evidence at every stage that Kelley promised the title companies he would charge only $15 (or $20) for the service he provided, and he expressly, repeatedly promised to refund the excess. In the vast majority of cases, he did not.

The Court and the jury rejected Kelley's claim, legally[4] and factually. The Court rejected his legal claim that the HUD-1 estimated cost forms negated his fraud and required the Court to dismiss Count 1, and it instructed both juries on the factual elements of that crime. The second jury factually rejected Kelley's argument and returned a guilty verdict on Count 1. The Court concluded that the evidence supported that verdict.

Because the viability of Kelley's defense (at least as a legal matter; its factual accuracy was a question for the jury) had been fully argued, and rejected, on multiple occasions, the Court determined that Kelley's reiteration of this core defense did not meet his burden of establishing a substantial question sufficient to overcome the presumption of detention. *See United States v. Vance,* 851 F.2d 166, 168 (6th Cir.1988). It is obviously true that if the Ninth Circuit reverses his conviction on Count 1, it is likely that Kelley's sentence will be reduced. But the Court does not conclude that the question of his guilt on that Count is "fairly debatable" in light of the ample

---

[4] Kelley also consistently argued that because the title companies did not own the fees, and that he could not have fraudulently "taken" them from those companies. This theory too was repeatedly rejected, for the same reason: Kelley knew that *he* did not own them, and taking them (by fraud) from one in lawful possession of them is "stealing." *See United States v. Crawford*, 239 F.3d 1086, 1092 (9th Cir. 2001); *United States v. Long Cove Seafood, Inc*., 582 F.2d 159, 163 (2d Cir. 1978); *United States v. Carman*, 577 F.2d 556, 565 (9th Cir. 1978); *Girton v United States*, 383 F.32d 404 (9th Cir. 1967); *United States v. Turley,* 352 U.S. 407, 417 (1957).

1    evidence and the jury's finding. The Court notes that as the fact-finder, the jury is the sole judge

2    of credibility, while the Ninth Circuit reviews a trial court's bail determination *de novo*. *See*

3    *United States v. Handy,* 761 F.2d 1279, 1281-84 (9th Cir.1985) (applying de novo review to

4    district court's interpretation of 18 U.S.C. § 3143).

5           In any event, the Court has not changed its view on this well-litigated issue, and its

6    reading of § 3143(b)(1)(B) was and is that because a rational fact finder could find that Kelley

7    intended to possess stolen property, Kelley did not raise a substantial question and he was not

8    entitled to release pending appeal. § 3143(b). For that reason, the Court denied his motion.

9           As is always the case, a higher Court may disagree.

10          IT IS SO ORDERED.

11          Dated this 20th day of September, 2018.

12

13          _____

14          Ronald B. Leighton
            United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER - 4