UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

United States of America,
Plaintiff

v.

Troy X. Kelley,
Defendant

No. CR15-05198-RBL

### Defendant's Motion for Delay of Reporting Date

Defendant seeks instruction by the Court regarding his self-surrender at Federal Correctional Institute Herlong at 10:00 am on June 30, 2021. Defendant is fully prepared to report on that date and this motion is not a health or compassionate release request. This motion was filed over a week before June 30, 2021, in the event the Court denies this motion, the self-surrender date will be unaffected. Defendant requests a 90-day delay to self-surrender.

The delayed reporting date will allow defendant time to work with new counsel on the pending habeas corpus motion. Existing defense counsel states that a potential conflict necessitates the "need to retain separate counsel." The record is extremely voluminous and complex as the docket shows. Defendant states the habeas corpus motion will be filed either pro se or by new counsel within 90-days. The federal investigation dates to the summer of 2012 while over 100,000 pages of evidence dates back to at least 2002. The vast majority of alleged conduct dates back between one and two decades. The constitutional right to a meaningful habeas corpus motion will be abridged if defendant while in prison has only irregular contact with new counsel who is not fully up to speed on the facts of this complicated case.

Defendant further seeks leave of the court to file the habeas corpus motion while in pre-trial release with an imminent prison report date since the case law is mixed and unclear on the term "custody." If the Court states the habeas corpus motion can only be filed while in actual physical prison custody, it will be filed immediately after defendant reports to prison. The length of the prison sentence effectively dictates the timing of the filing of the habeas corpus motion. If this motion is denied, defendant asks the Court to reconsider this motion for release from custody to work with new counsel in the event an evidentiary hearing is granted on the underlying habeas corpus motion.

Dated June 22, 2021



Pro se
Defendant, Troy X. Kelley
troyxkelley@hotmail.com