# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TROY X. KELLEY,

    Defendant.

CASE NO. CR15-5198BHS

ORDER

THIS MATTER is before the Court on Defendant Troy X. Kelley's *pro se* Motion for Delay of Reporting Date, Dkt. 722. Kelley was convicted in December 2017, Dkt. 556, and sentenced to one year and one day on June 29, 2018, Dkt. 656. Kelley appealed his conviction, Dkt. 659, and the Ninth Circuit affirmed in July 2020, Dkt. 715. Kelley filed a Petition for a Writ of Certiorari in the United States Supreme Court in February 2021, Dkt. 719, and that Petition was denied on March 22, 2021, Dkt. 720.

Kelley now asks the Court to delay his Bureau of Prisons reporting date, June 30, 2021, so that he can obtain and work with new counsel on a habeas corpus motion. Dkt. 722. Kelley asks the Court for permission to file his motion despite the fact he is not yet physically incarcerated. If the Court requires him to be incarcerated to file a habeas

ORDER - 1

petition, he states that he will file it from there, and asks the Court to consider his motion one for release from prison to work with his attorney, if the Court orders an evidentiary hearing. *Id*.

The Government argues that Kelley's request for a further delay in his sentence is not factually or legally supported. There is no authority for permitting a convicted defendant who has exhausted his appeals to remain on release while he works on an unspecified habeas petition. It argues that Kelley has not diligently pursued his habeas petition in the months since his conviction and sentence were affirmed and that he cannot show that this is an "extraordinary case[] involving special circumstances or a high probability of success." Dkt. 725 at 4 (citing *United States v. Mett,* 41 F.3d 1281, 1282 (9th Cir. 1994). The Government argues that Kelley's motion suggests he intends to claim ineffective assistance of counsel and that he has not shown any likelihood of success on that claim. Indeed, Kelley has not articulated the basis of his proposed habeas petition or demonstrated that it has any likelihood of success. A federal habeas petition requires the petitioner to be "in custody," 28 U.S.C. § 2255, and Kelley is not yet in custody, despite the passage of time since he was convicted and sentenced.

\

\

\

\

For all these reasons, Kelley's Motion for Delay of Reporting Date, Dkt. 722, is **DENIED.** Any future motions based on the proposed habeas petition will be addressed when filed.

**IT IS SO ORDERED**.

Dated this 28th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge